### NIMICK *v.* COLEMAN.

An appeal does not lie to this court from the decree of a circuit court dismissing, in the exercise of its supervisory jurisdiction under the bankrupt law, an appeal from a district court, and affirming the order appealed from.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Zug & Co., a partnership firm composed of Christopher Zug and Charles H. Zug, were adjudicated bankrupts by the District Court of the United States for the Western District of Pennsylvania, March 13, 1876. The creditors determined that it was for the interest of the general body of the creditors that the estate should be settled and distributed by trustees under the inspection and direction of a committee, as provided by sect. 43 of the Bankrupt Act. Rev. Stat., sect. 5103. The District Court confirmed this action of the creditors; and accordingly the estate was conveyed to trustees, to be dealt with in the manner contemplated by that section. The trustees, having converted both the partnership property and that of the individual partners into money, filed their accounts with the committee for settlement, and an order for distribution. The committee approved the accounts, and declared what seemed to them to be a proper dividend of the assets among the partnership and individual creditors.

The court granted the bankrupts their discharge Oct. 14, 1876.

Notice of the dividend declared having been served upon the creditors, William Coleman and others, individual creditors of Christopher Zug, filed their petition in the bankrupt court, Jan. 5, 1877, excepting to the account as settled by the committee, and asking the court to resume jurisdiction of the bankruptcy proceedings, and order the trustees to file their accounts in court, to the end that the same might be duly audited and the estate of the bankrupts marshalled and distributed according to law. To this petition the trustees appeared and answered, setting forth the action of the committee, and claiming that the court had no jurisdiction to control their proceedings. Jan. 20, 1877, the creditors amended their petition so as to bring in the committee. This committee having answered, the court made an order, April 2, 1877, directing both the committee and the trustees to file in court " an account of the estate, joint and several, of the bankrupts, also setting forth the different properties of the bankrupts and the moneys derived therefrom, respectively, with the report of distribution."

The trustees and committee thereupon filed a petition in the Circuit Court for a review of this order ; and, May 23, that court affirmed the action of the District Court, except so far as it related to the committee, as to whom it was reversed and the petition dismissed. The direction to report distribution was also stricken out as premature. May 28, the trustees filed their accounts, with a statement of the action of the committee thereon. May 29, certain individual creditors of Christopher Zug, and also certain individual creditors of Charles H. Zug, filed exceptions to the account, upon the ground that individual property had been, as they claimed, improperly included in the partnership assets. Testimony was taken in support of and in opposition to these exceptions ; and, July 13, the exceptions were sustained and the accounts modified. From this order certain of the partnership creditors took an appeal to the Circuit Court, July 21, which the individual creditors moved in that court, Aug. 4, to dismiss. Certain other of the partnership creditors filed in the Circuit Court, July 20, a petition for review under the supervisory jurisdiction of that court. Sept. 22, the Circuit Court made an order dismissing the appeal, for the reason that the case was one for review and not appeal,

and at the same time, under the petition for review, affirmed the order of the District Court complained of.

Sept. 29, Nimick and the other partnership creditors took an appeal to this court from the order of the Circuit Court dismissing their appeal. The cause having been docketed upon this appeal, the individual creditors now move to dismiss, for the reason that the order appealed from is not reviewable in this court.

*Mr. George Shiras, Jr.*, in support of the motion.

*Mr. J. F. Slagle.* and *Mr. John Dalzell* in opposition thereto.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

We think the motion to dismiss in this case must be granted. The record shows affirmatively that the Circuit Court refused to take jurisdiction upon the appeal, and did proceed under its supervisory jurisdiction alone. The case is thus brought directly within our decision in *Stickney* v. *Wilt*, 23 Wall. 150 ; and, as the order of the District Court has been affirmed, we are not called upon to determine whether we should set aside the action of the Circuit Court for want of jurisdiction, as we did in that case, because there was a reversal. If, as is claimed, the District Court acted without jurisdiction, or in a manner not to bind the parties, its decree as made was void ; and the aggrieved partnership creditors may very properly consider whether they cannot proceed in equity to call the trustees to a proper accounting and distribution. Upon that question, however, we express no opinion. We are clear that no appeal lies to this court from the action of the Circuit Court in respect to what has been done ; and the suit is accordingly          *Dismissed.*