## *In re* HERDIC.

*(District Court, W. D. Pennsylvania.  October 26, 1889.)*

BANKRUPTCY—SALE—RESCISSION OF ORDER OF CONFIRMATION—PRACTICE.

   After a bankrupt had obtained his discharge, under an order of court made upon the petition of his assignees, a claim of the bankrupt's estate against one R. was sold at public auction, which sale was confirmed by the court, and the proceeds distributed among the creditors.  More than four years thereafter, the bankrupt having in the mean time died, a creditor who had participated in the distribution presented a petition setting forth that the purchaser of said claim bought the same in trust for the bankrupt, and that the transaction was a concealed fraud upon the creditors, and praying that the administrator of the bankrupt be required to show cause why said purchase should not be declared fraudulent, and the sale set aside. *Held,* that the bankrupt court, after the lapse of time, upon a mere rule upon the administrator to show cause, could not proceed in a summary way to rescind the order of confirmation and set aside the sale, but the petitioner's remedy was by a plenary suit.

In Bankruptcy.

*Sur* petition of the Metropolitan National Bank, and rule on James P. Herdic, administrator of Peter Herdic, deceased, to show cause why the purchase by Frank L. Herdic of a claim against John G. Reading should not be set aside.

*Wm. Macrum,* for rule.

*Wm. S. Stenger, contra.*

ACHESON, J.   The answer of James P. Herdic, administrator of the estate of Peter Herdic, deceased, to the rule to show cause, etc., raises a question of jurisdiction which was not discussed much, if at all, at the hearing, the arguments of counsel being directed to other questions of law, and to the merits of the controversy, but in the course of my investigation the question of jurisdiction has assumed a controlling importance.   The facts upon which it arises are these:  Peter Herdic, the bankrupt, was granted a discharge on February 18, 1880.   On July 28, 1883, upon the petition of his assignees in bankruptcy, an order was made for the sale at public auction of the claim of the bankrupt's estate against John G. Reading.   After due public notice such sale took place, and Frank L. Herdic became the purchaser, for the price of $3,000.   By an order of court made September 12, 1883, the sale was confirmed; and soon thereafter the purchase money was distributed among the creditors of the bankrupt, the Metropolitan National Bank, the present petitioner, receiving its *pro rata* share.   Thus the matter rested until May 1, 1888. Peter Herdic having died in the mean time.   On the date last mentioned said bank presented its petition, setting forth that the said purchase by Frank L. Herdic was made in trust for Peter Herdic, and that, for reasons set out, it was a concealed fraud upon the bankrupt's creditors, and praying that James P. Herdic, administrator of Peter Herdic, deceased, be required to show cause why the said purchase should not be declared fraudulent, and the sale set aside; and, accordingly, on July 20, 1888, a rule to show cause was granted upon the administrator.

   Can the court, sitting in bankruptcy, at this late day, upon a mere

rule on the administrator, proceed in a summary way to rescind its order of confirmation of September 12, 1883, and set aside said sale?   This question I am constrained to answer in the negative.   According to the general rule, the lapse of time here, of itself, would debar summary relief, and require a resort to a plenary suit.   *Bronson* v. *Schulten*, 104 U. S. 410; *Phillips* v. *Negley*, 117 U. S. 665, 6 Sup. Ct. Rep. 901.   Even where a decree in equity is obtained by fraud, the appropriate remedy, after the expiration of the term, is by a bill of review.   *Terry* v. *Bank*, 92 U. S. 454.   If it be conceded that a bankrupt court has power to alter or amend its records until the proceeding is formally ended, still, it by no means follows that, for matters *dehors* the record, the court may summarily vacate a sale regular on its face, years after final confirmation and the distribution of the proceeds.   Again, Peter Herdic was free to purchase at the assignee's sale, (*Traer* v. *Clews*, 115 U. S. 528, 6 Sup. Ct. Rep. 155;) and he took the same title that an entire stranger purchasing would have taken.   That title has become vested in James P. Herdic, the administrator of the estate of Peter Herdic.   The administrator is not a party to the proceedings in bankruptcy, and, therefore, his title cannot be adjudicated by the bankrupt court upon a rule to show cause. *Smith* v. *Mason*, 14 Wall. 419; *Marshall* v. *Knox*, 16 Wall. 551.   If his title is impeachable for the cause alleged, the remedy is by a plenary suit. Id.   This is not a question of convenient practice.   The interests here involved are very large,—of such value as to bring the controversy within the appellate jurisdiction of the supreme court.   But, under this proceeding, the administrator, in the event of a result adverse to him, would be deprived of his right of appeal to that tribunal.   *Stickney* v. *Wilt*, 23 Wall. 150; *Nimick* v. *Coleman*, 95 U. S. 266.   It is worthy of remark that in each of the two cases (*Clark* v. *Clark*, 17 How. 315, and *Phelps* v. *McDonald*, 99 U. S. 298) here cited to sustain the impeachment of the sale to Frank L. Herdic the complainant proceeded by an original bill in equity; and this, in my judgment, is the proper mode of procedure in the present case.   Rule to show cause discharged, **without prejudice to the petitioner's right to proceed by a plenary suit.**