WINKLER et al. v. STUDEBAKER BROS. MFG. CO.

(Circuit Court, S. D. New York. November 28, 1900.)

PATENTS—SUIT FOR INFRINGEMENT—TITLE OF PLAINTIFF.

Where a part owner of a patent died intestate, and his estate was administered, and the administratrix discharged without having made any disposition of his interest in the patent, the title acquired thereto by an assignment from his next of kin, who, under the laws of the state, succeeded to the ownership of the personal estate not required for the payment of debts, is sufficient to support a suit for infringement of the patent.

In Equity. Suit for infringement of patent. On demurrer to bill.

The demurrer is aimed at a supposed defective link in the chain of complainants' title. The letters patent in question were granted May 7, 1895, to the complainant Fred Winkler and Lenhart Winkler. Lenhart Winkler died, intestate, November 10, 1896. He was a resident of Indiana. His widow Mary Winkler and his minor child Edward Winkler were his only heirs at law and next of kin. Mary Winkler was duly appointed administratrix March 17, 1897. On the 24th of February, 1899, she was discharged and the estate was declared settled and fully administered. In February, 1899, Mary Winkler was appointed guardian of the said Edward Winkler, and on the 26th of June, 1899, personally, and as guardian of Edward Winkler, with the approval of the court, she conveyed in writing to the complainants Fred Winkler and Charles Winkler all the right, title and interest which she possessed in and to the said letters patent. On the 21st of August, 1899, Fred and Charles Winkler conveyed to William Knoblock an undivided one-third interest in the patent. The point is made that the title of the complainants, other than Fred Winkler, is defective because they have not acquired the title of Mary Winkler as administratrix. Although she was discharged by the order of the court, her letters revoked, her bond canceled and the estate declared fully and finally settled, it is insisted that the title to the patent is suspended somewhere, although counsel have neglected to give the court any information by which its present locality can be ascertained.

H. A. Heyn (Bond, Adams, Pickard & Jackson, of counsel), for complainants.

Kenyon & Kenyon (William Houston Kenyon, of counsel), for defendant.

COXE, District Judge. Although the situation is in some respects a novel one it is thought that the title can be sustained upon the principles enunciated in Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799, 36 L. Ed. 609, and Machine Co. v. Featherstone, 147 U. S. 209, 13 Sup. Ct. 283, 37 L. Ed. 138. Under the statute law of Indiana the patent belonged to the widow and infant son of Lenhart Winkler; they were his sole heirs and next of kin. There were no creditors, of course, when the estate was settled and the administratrix was discharged. There was no living person who had the slightest interest in the intestate's share of the patent except his son and widow. No title is now outstanding which can be asserted in hostility to theirs. No such title can hereafter be acquired. Under the Indiana law, if there be no debts and no administration, personal property vests by operation of law in the next of kin. Robertson v. Robertson, 120 Ind. 333, 22 N. E. 310. This patent—like the patent in Sessions v. Romadka—was not administered and passed

by operation of law to those legally entitled to it. In the Sessions Case the patent passed under the provisions of the bankruptcy act to the assignee. The assignee did nothing regarding the patent and was discharged. The bankrupt thereafter assigned the patent, and the title thus acquired was sustained. The court, at page 39, 145 U. S., page 801, 12 Sup. Ct., and page 613, 36 L. Ed., says:

"Had the existence of this patent been concealed by the bankrupt, or the assignee had discovered it subsequently,—after his discharge,—and desired to take possession of it for the benefit of the estate, it is possible the bankruptcy court might reopen the case and vacate the discharge for that purpose. Clark v. Clark, 17 How. 315, 15 L. Ed. 77. But it does not lie in the mouth of an alleged infringer to set up the right of the assignee as against a title from the bankrupt acquired with the consent of such assignee."

The facts of the Sessions Case differ from those of the case at bar, —this is always true,—but the objection to the title was more substantial than the objection here for the reason that the creditors of the bankrupt had been deprived of a valuable asset. The court, however, regarded it as a situation where a common-sense view of the law should prevail over a refined and academic view and where an outstanding interest so attenuated and nebulous that nothing approaching a title could ever be deduced therefrom, should not, at the suggestion of a wrongdoer, be permitted to imperil if not destroy a valuable patent. The complainants hold every tangible existing interest in the patent. There is nothing outstanding which by any possibility can be made the basis of another attack upon the defendant. The complainants represent every one who now has or who ever had a vestige of interest in the patent. The case differs from the cases relied on by the defendant in that no title is outstanding in an administrator subject to the rights of creditors. There are no creditors, there is no administrator and it is not easy to see how one can now be appointed. The title to the patent is not extinct. The widow and the infant son were the only persons who had a right to it and their right was unqualified and exclusive.

The demurrer is overruled and the cause should proceed pursuant to the stipulation between the parties.