### HAARMANN et al. v. LUEDERS et al.

(Circuit Court, S. D. New York. May 11, 1901.)

1. EQUITY PLEADING—BILL BY FOREIGN PARTNERSHIP—GUARDIAN OF MINOR AS PARTNER.

A bill filed by partners, who are citizens of another state, suing for the benefit of the firm, and setting out its constituent members, among whom is a woman, who is alleged to have succeeded to the interest in the firm of her deceased husband individually and as guardian of certain minor children, is not demurrable because it does not set out the probate proceedings on the husband's will, the manner of her succession to the partnership interest being a matter of proof, nor because it does not show that she has been appointed guardian for the minors named in the state in which the suit is brought, which is not required, since the relief sought is in behalf of the partnership, and not of the minors individually, either directly or through their guardian.

2. PATENTS—SUIT FOR INFRINGEMENT—TITLE OF COMPLAINANT.
　　The administrator or executor of a deceased owner of a patent is not
　　a necessary party complainant in a suit for its infringement, brought by
　　his heirs or legatees, where the bill does not show that the estate has
　　any interest in the controversy.[1]

In Equity. Suit for infringement of patent. On demurrer to bill.

Elisha K. Camp (Philip Mauro and C. A. L. Massie, of counsel), for complainants.

Briesen & Knauth (Arthur v. Briesen, of counsel), for defendants.

HAZEL, District Judge. Defendants demur to the bill of the complainants on four grounds: First, that the executor or administrator of Tiemann, original patentee, is not a party to the bill; second, that Charlotte Julie Tiemann, a complainant in her own right and as guardian of certain minors, has not been appointed such guardian by the courts of the state of New York; third, that the will of the patentee does not appear to have been probated according to the laws of the state of New York, or of any other state of the Union; fourth, that the complainant Charlotte Tiemann does not appear to have acquired title to the letters patent in suit by an instrument in writing. The demurrer can only be sustained if the objections relied upon appear on the face of the complaint. The complainants allege a co-partnership, in which certain adults and Charlotte Tiemann individually and as guardian of her minor children have an interest. The co-partnership—an entity—brings this bill. An individual infant does not seek to bring this suit without the appointment of a guardian within this jurisdiction, nor does a foreign guardian in her individual or official behalf invoke a remedy in this court. A co-partnership, as such, alleging its constituent members, and suing for the benefit of the concern, is the complainant. The interest of the minors does not require the practice insisted upon by the respondents. The defendants are protected as to costs by a bond already filed. The bill alleges that Johann Tiemann, the patentee, died about November 14, 1899; that thereupon, and by his last will and testament, his interest in this same co-partnership of Haarmann & Reimer, whose members are now before this court, including the patent in suit, came into the possession of his widow in her individual and guardian capacity. The complainants refer to certificates and decrees which will be produced upon the trial. The bill having alleged this transfer of interest, the manner of its accomplishment and its legal effect are matters of evidence, which will be disposed of at the proper time. It does not appear upon the face of the bill that the representatives of Tiemann have any interest in the controversy. Goodyear v. Hullihen, Fed. Cas. No. 5,573; Winkler v. Manufacturing Co. (C. C.) 105 Fed. 190. The cases cited by defendants do not seem applicable to the case at bar. "The property in a patented invention in the hands of an executor or administrator is not personal property belonging to the decedent's estate, nor assets liable to the claims of creditors or distributees.

[1] As to parties in suits in federal courts, see note to O'Connell v. Reed, 5 C. C. A. 594, and Mason v. Dullagham, 27 C. C. A. 298.

It is a franchise, which he holds not under the probate laws, but in a different and special capacity under the patent laws." Rob. Pat. § 801. There appearing no necessity that the estate of the deceased should be represented, nor that a guardian should be appointed, before this court may assume jurisdiction, the demurrer is overruled, with leave to answer within 30 days upon payment of costs.