No. 25.—The Justices of the Inferior Court of Bibb County, plaintiffs in error, *vs.* A. J. & D. W. Orr, defendants in error.

[1.] Where the law under which a public debt is created, directs the proper officer to issue to the creditor, a certificate of the amount due, in case there are no funds in hand, out of which payment can be made, and in response to the repeated applications made for the discharge of the debt, the creditor is told that there is no money in the treasury, and no authority to levy a tax to meet the claim, the Statute of Limitations does not begin to run, if at all, until the demand is repudiated.

[2.] Mandamus is the proper remedy to compel the Superior Court to discharge the liabilities due and owing by their respective Counties, and to raise the necessary funds for that purpose.

Application for mandamus, in Bibb Superior Court.   Heard and decided by Judge Powers.   May Term, 1852.

The application set forth, that the petitioners, A. J. and D. W. Orr, are the *bona fide* holders of twenty-six orders, drawn by the Clerks of the Superior and Inferior Courts of Bibb County, on the Treasurer of said County, in favor of various Jurors, therein specified, or bearer, amounting in the aggregate, to the sum of $264.92 ; that they were issued in obedience to an Act passed by the Legislature, in the year 1841; that the petitioners had made repeated efforts to collect the same, from the Treasurer of the County, without success.

That on the 28th of February, 1852, they appeared by their attorneys, Poe and Nisbet, before the Justices of the Inferior Court of said County, and petitioned said Court to make some provision for the payment of said orders, which they peremptorily refused.   The petition prayed that the Inferior Court might be directed to pass an order, directing the Treasurer to pay the orders, or show cause to the contrary.

The Justices of the Inferior Court, in their answer, showed for cause :

1. That more than six years had elapsed since the issuing of said scrip or orders, and set up the Statute of Limitations as a bar to the relators' claim.

2. Because said orders are barred by the Statute of Limitations, as appears by inspection thereof, before application was made to the respondents.

3. Relators are not the persons to whom said orders were originally issued, and they are not assigned in writing to relators, as far as they know and believe.

4. The Act under which said orders were issued, did not authorize respondents or their predecessors in office, to levy a tax to pay off said orders, and the Act of 1847, authorizing this

Court to levy a tax, looked to future and not to previous issues of said orders, as they are informed and believe.

5. There was no funds in the treasury out of which said orders could be paid, not otherwise appropriated, at the time the demand was made.

Upon hearing the mandamus *ni si*, the Court made the same absolute, and directed the Inferior Court, (there being no County Treasurer) to pay the said orders out of any funds in the County treasury, not otherwise appropriated.

Which decision is assigned as error.

STUBBS & HILL, for plaintiffs in error.

POE & NISBET, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The Legislature, in 1841, passed an Act to compensate Jurors, in the County of Bibb. By this Act, all fees for verdicts, and all confessions in the Superior and Inferior Courts of that County, were thereafter to be paid to the respective Clerks of said Courts, which was to constitute in their hands a common fund, to be called the Jury fund of Bibb County.

The Clerks of these Courts respectively, were, at the close of each term of the Court, out of this fund, to pay each Petit Juror the sum of one dollar and a half per *diem*, for his services; and if there should not be a sufficient amount of said funds in the hands of the Clerk, then he was to give to each of the Jurors a certificate for such balance, which the County Treasurer was to pay, out of the County funds in his hands, not otherwise appropriated.

If, on the other hand, there was a surplus left, after paying off the Jurors for the term, it was to remain in the hands of the Clerks, for the future purposes aforesaid; and all fines imposed on Jurors for non-attendance or other causes, were to be paid into the hands of the Clerk, and constitute a part of the fund aforesaid. *Pamphlet Acts of* 1841, *p.* 147.

Andrew J. Orr and Dickinson W. Orr, partners, trading under the joint name of A. J. & D. W. Orr, came forward, claiming to be *bona fide* holders of twenty-six certificates or orders, drawn by the Clerks of the Superior and Inferior Courts of Bibb County, on the Treasurer thereof, in favor of various Jurors therein named, and payable to the Juror *or bearer*, and amounting in the aggregate to the sum of $264.92, and issued in obedience to the foregoing Act of the General Assembly. They state upon oath, that they have made repeated efforts to collect these certificates, of the proper authorities, but without success. That on the 28th of February, 1852, (the present year,) they came before the Inferior Court of the County, and applied to them, to make some provision for the discharge of these orders, which they peremptorily refused to do. They therefore, asked a *mandamus ni si*, calling upon the Inferior Court to pass an order for the payment of these demands, out of any money then in hand, or which thereafter might be received, and which was otherwise not appropriated, or show cause to the contrary.·

The alternative mandamus was granted.

In response, the Justices admit that the relators hold the scrip for which they are seeking satisfaction ; and that they appeared before them and applied to have some provision made for the payment of these claims, which they refused, on the grounds :

1. Because these certificates are barred by the Statute of Limitations.

2dly. Becanse the relators were not the persons to whom the scrip originally issued, nor was it assigned to them.

3dly. Because the Act under which this scrip was issued, did not authorize the Justices of the Inferior Court to levy a tax, to pay this claim ; and

4thly. Because there was no funds in the treasury, out of which these orders could have been paid, at the time the demand was made.

Upon this return and argument had thereon, Judge *Powers* made the mandamus absolute, and required the Justices to pay these orders out of any funds in the County treasury, not other-

wise appropriated, according to the priority of their date ; and that they pay the cost of the proceedings.

And this judgment is assigned as error in this Court.

In a case like this, we will not be very astute to convict the judgment which we are called on to reverse of technical errors. On the contrary, believing as we do, that this is an unwarrantable attempt at *repudiation* in a small way, we feel it to be our solemn duty to sustain the Circuit Court in its prompt determination to rebuke and repress it.  Nor do we see that any principle of law has been violated.

How does the Statute of Limitations apply to a case like this ? when did it begin to run ?  Certainly not on the date of the certificates ; for by the terms of the law under which they issued, the debt against the County was to be liquidated in this way, when, for want of funds, prompt payment could not be made ; and they were to be held until funds were in hand for their discharge.   Application was repeatedly made for this purpose, and the holders were put off, on the ground that there was no money in the treasury, and no authority to levy a tax for their redemption. . And payment never was denied until last February ; nor did the Statute begin to run until that time.

As to the holder having no assignment, none was needed. They were properly made payable to the Juror or bearer, to enable him to cash them to pay for his meals, while in attendance on the Court, and were negotiable by delivery.

The order passed by the Court, is most just in itself, and is in exact accordance with the provisions of the law under which the liability was created.

[2.] And whenever the holders of these certificates can make it appear to the Court, that junior claims to theirs, having a priority of lien on no particular fund, but payable out of the County treasury generally, shall be satisfied, they will be in order, to move the Court for an attachment against the Justices, for their disobedience to the order which has been passed, in their behalf.

Judgment affirmed.