CARPENTER v. THE DISTRICT TOWNSHIP OF UNION.

1. **Statute of Limitations:** TOWNSHIP WARRANTS. The statute of limitations commences to run, upon warrants drawn by a district township on its own treasurer, from the time they were presented for payment.

2. ——: ——: TOWNSHIP: TREASURER. The treasurer of a district township has no authority to bind the township by his contracts or admissions, and his indorsement of payments upon a township warrant, within ten years, would not defeat the operation of the statute of limitations.

*Appeal from Carroll Circuit Court.*

SATURDAY, APRIL 22.

THE plaintiff, as administrator of the estate of William Carpenter, deceased, brings this action upon two warrants, drawn upon J. M. Gilbert, treasurer of the District Township of Union,

by George Downing, president, in favor of G. W. Hunter, or order. The first of these warrants is dated June 8, 1868, and was presented June 22, 1868, and indorsed "not paid for want of funds." The other of said warrants is dated July 24, 1868, and was presented September 4, 1868, and indorsed "not paid for want of funds." On each of these warrants there are several indorsements of payments, signed "J. M. Gilbert, treasurer." The last indorsement of this kind on each of said warrants bears date February 28, 1874. The plaintiff's petition was filed on the 6th day of September, 1880. The defendant demurred to the petition upon the ground that it shows upon its face that the cause of action accrued more than ten years prior to the commencement of the suit. The court sustained this demurrer.

*George W. Paine*, for appellant.

*Beach & Hinman*, for appellee.

DAY, J.—I. The appellant insists that the statute of limitations, upon a warrant drawn by a municipal corporation on its own treasurer, does not begin to run until the claim is disputed or the payment denied. In support of this position appellant cited Dillon on Municipal Corporation, sections 412; *The Justices v. Orr*, 12 Ga., 137; *Carroll v. The Board of Police*, 28 Miss., 38. If this position should even be conceded, still it appears that, one of the warrants was presented for payment June 22, and the other September 4, 1868, and payment was then denied. It is true the reason of the denial was want of funds, but the reason of the refusal is not, we think, material. Payment was not made when the warrants were presented, and from that time, at least, the statute of limitations commenced to run. The action was not commenced until more than twelve years after presentment and refusal of payment, and was therefore barred, unless the bar was removed by some act of the defendant. *In The Justices v. Orr, supra*, it was held that

*1. STATUTE OF LIMITATIONS: township warrants.*

the statute of limitations did not run against the certificates in question until the payment was denied, because they were to be held until funds were in hand for their payment. In *Carroll v. The Board of Police, supra,* it was held that the statute did not run because a county could not be sued. The reasons assigned in these cases are not applicable to the case at bar.

II. It is claimed that the indorsement of payments on the warrants, signed by the treasurer of the defendant, removed

2. ——:——: townships: treasurer. the bar of the statute of limitations. Section 2539 of the Code is as follows: "Causes of action, founded on contract, are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby." We need not determine whether an indorsement of part payment, signed by the party to be charged, would remove the bar of the statute of limitations. No such indorsement was made in this case. The party to be charged is the District Township of Union, a corporation acting through a board of directors. The treasurer of a district township has no authority to bind it by his contracts or admissions. He is not, necessarily, even a member of the board of directors. Code of 1873, § 1721. The demurrer was properly sustained.

AFFIRMED.