## McLaughlin *v.* United States.

1. Where a bill was filed in the Circuit Court by the District Attorney in the name of the United States, to vacate a patent for lands, but no objection touching his authority to bring the suit was made, and a duly certified copy of a letter whereby he was directed by the Attorney-General to institute the requisite proceedings was filed here, — *Held,* that the decree for the complainant will not be reversed on such an objection raised here for the first time.

2. The patent in question, bearing date May 31, 1870, and issued to a railroad company, in professed compliance with the terms and conditions of the grant made by the acts commonly known as the Pacific Railroad Acts, covers lands which, the bill alleges, contain valuable quicksilver and cinnabar deposits, and were known to be "mineral lands" when the grant was made and the patent issued. This court, being satisfied that the material allegations of the bill are true, that as early as 1863 and since cinnabar was mined upon the lands, and that at the time of the application for a patent their character was known to the defendant, the agent of the company, who now claims them under it, affirms the decree cancelling the patent and declaring his title to be null and void.

3. *Quære*, What extent of mineral, other than coal and iron, found in lands will exclude them from the said grant; and can the United States maintain a suit to set aside a patent, if, before it was issued, the lands therein mentioned were not known to be mineral, and, if so, what are the rights of innocent purchasers from the patentee.

APPEAL from the Circuit Court of the United States for the District of California.

The case is stated in the opinion of the court.

*Mr. Henry Beard* for the appellant.

*Mr. Assistant Attorney-General Maury* for the United States.

MR. JUSTICE MILLER delivered the opinion of the court.

John M. Coghlan, District Attorney of the United States for the District of California, on behalf of the United States, brought in the court below the bill in this case against Charles McLaughlin and The Western Pacific Railroad Company, to set aside a patent of the United States, bearing date May 31, 1870, and conveying to the company the northeast quarter of section 29, township one north, range one east, of Mount Diabolo meridian.

This patent was made under the acts of Congress granting to the Union Pacific, Central Pacific, and Western Pacific Railroad Companies the alternate sections of public land within certain limits on each side of their respective roads, and authorizing the issue of patents for the same when the work should be done and the sections ascertained. There were excepted out of this grant, among others, such sections or parts of sections as were mineral lands.

The bill alleges that the quarter-section in question is, and at the time of the grant was, mineral land, and as it was known to be such, the patent therefor was issued by inadvertence and mistake without authority of law.

The patent itself is not in the record as an exhibit, or as a part of the evidence. The railroad company, though made a defendant, was not served with the subpœna and did not appear. McLaughlin, the only defendant who appeared, defends as purchaser two degrees removed from the company. Instead of a general replication to his answer, the reply is an amendment to the original bill. A decree was rendered for the complainant, and he appealed.

The whole record is so imperfect and the case so obscurely presented that we feel tempted to dismiss it. Waiving, however, these objections, there is enough to enable us to consider the two principal errors assigned by the appellant. The first is that there is no sufficient evidence that the suit was instituted under the authority of the Attorney-General, according to the principle established in *United States* v. *Throckmorton*, 98 U. S. 61. To this it may be answered that the objection was not raised below, as it was in that case; that the case is argued here on behalf of the government by the Assistant Attorney-General, who files a certified copy of the order of the Attorney-General directing the District Attorney to bring the suit in the Circuit Court, as requested by the Secretary of the Interior. We think the decree, under these circumstances, can hardly be reversed now, on this ground, taken here for the first time.

The other objection to the decree in favor of the United States is that the evidence does not establish that the land in controversy was mineral land when the patent was issued.

An examination of the evidence on this subject convinces us that the circuit judge was right in holding that it was. It is satisfactorily proven, as we think, that cinnabar, the mineral which carries quicksilver, was found there as early as 1863; that a man named Powell resided on the land and mined this cinnabar at that time, and in 1866 established some form of reduction works there; that these were on the ground when application for the patent was made by defendant, McLaughlin, as agent of the Western Pacific Railroad Company, and that these facts were known to him. He is not, therefore, an innocent purchaser. Concurring as we do with the Circuit Court in the result arising from the evidence, we do not deem it necessary to give in this opinion a detailed examination of it.

This being the first case of the kind in this court, a class of cases which may possibly be indefinitely multiplied, it is to be regretted that it was not more fully presented in the Circuit Court. Many interesting questions might arise in this class of cases not proper to be considered in this case. For instance, the nature and extent of mineral found in the land granted or

patented which will bring it within the designation of *mineral land* in the various acts of Congress, in which it is excepted out of grants to railroad companies, and forbidden to be sold or pre-empted as ordinary or agricultural lands are.

Suppose that when such land has been conveyed by the government it is afterwards discovered that it contains valuable deposits of the precious metals, unknown to the patentee or to the officers of the government at the time of the conveyance, will such subsequent discovery enable the government to sustain a suit to set aside the patent or the grant? If so, what are the rights of innocent purchasers from the grantee, and what limitations exist upon the exercise of the government's right? We can answer none of these questions here, and can only order that the decree below be

*Affirmed.*