## McALEER *et al. v.* CLAY COUNTY.

### (*Circuit Court, N. D. Iowa, W. D.* May 28, 1889.)

**1. JUDGMENTS—ACTIONS ON—LIMITATIONS—REVIVAL BY ADMISSION.**
Code Iowa, § 2529, provides that actions founded on unwritten contracts may be brought within 5 years after the cause accrues; those founded on written contracts within 10 years; and those founded on a judgment within 20 years. Section 2539 provides that causes of action founded on contract may be revived by an admission in writing that the debt is unpaid. *Held,* that an action on a judgment is not an "action founded on contract" within the meaning of section 2539, and is not revived by an admission in writing.

**2. SAME.**
The court is not authorized to look beyond the judgment, and ascertain whether it was based upon a contract.

**3. SAME—COUNTIES—AUTHORITY OF ATTORNEY.**
Section 2539 requires the admission to be signed by the party to be charged therewith. *Held,* that an answer to an information for *mandamus* to compel a county to pay a judgment, signed only by the county's attorney, cannot be treated as a writing signed by the county within the meaning of that section, as the attorney had no general authority to sign the answer for that purpose.

**4. EXECUTORS AND ADMINISTRATORS—FOREIGN ADMINISTRATORS—PLEADING.**
The statutes of Iowa require foreign administrators to take out auxiliary letters in that state before suing in its courts. *Held,* that an averment in an amended petition, in an action by foreign administrators in the circuit court for the district of Iowa, that since the filing of the original petition auxiliary letters have been granted. cannot be stricken out on motion as irrelevant. The question as to whether the action as then pending could be sustained is a matter in abatement, and, if not properly raised, would be waived.

At Law. On motion to strike out parts of amended petition.
*E. C. Hughs,* for plaintiffs.
*A. C. Parker* and *J. F. Duncombe,* for defendant.

SHIRAS, J. On the 21st of October, 1864, a judgment was rendered in the United States circuit court for the district of Iowa in favor of Michael McAleer against the county of Clay, Iowa, the cause of action being county warrants issued by the defendant. The judgment plaintiff having died in the state of New York, of which he was a resident, the present plaintiffs were in 1881 appointed administrators of his estate by the surrogate's court for the county of New York in that state. On the 13th of November, 1888, the present action was brought, to recover the balance alleged to be due and unpaid upon the judgment rendered October 21, 1864. A demurrer to the petition being filed, setting up that upon the face of the petition it appeared that the cause of action was barred by the state statute of limitations, the plaintiffs filed an amended and substituted petition setting up the fact that in May, 1881, the plaintiffs had filed an information for a *mandamus* against the county and its officials, for the purpose of enforcing the levy and collection of a tax for the payment of such judgment; the information and the answer thereto being set out in full, the purpose thereof being to show that in said proceedings the defendant had admitted the existence of the judgment, and thereby defeated the running of the statute of limitations. The defend-

ant now moves to strike out of the amended petition such portions thereof as set forth the proceedings in *mandamus* on the ground of immateriality.

Thus is presented the question whether the matters thus pleaded are of avail in meeting the question of the bar of the statute. By section 2529 of the Code of Iowa it is provided that—

"The following actions may be brought within the times herein limited, respectively, after their causes accrue: * . * * (4) Those founded on unwritten contracts * * * within five years; (5) those founded on written contracts * * * within ten years; (6) those founded on a judgment of a court of record, whether of this or of any other of the United States, or of the federal courts of the United States, within twenty years."

Section 2539 provides that—

"Causes of action founded on contract are revived by an admission that the debt is unpaid, as well as by a new promise to pay the same. But such admission or new promise must be in writing, signed by the party to be charged thereby."

As the petition upon its face shows that more than 20 years intervene between the date of rendition of the judgment sued on and the date of the commencement of this action, it follows that the action is barred, unless the right to sue is saved by reason of the other facts stated in the petition.

The first question for determination is whether the provisions of section 2539 are applicable to actions founded on judgments. By its terms it is limited to causes of action founded on contracts. In the section providing for the periods of limitation, actions founded on contracts are clearly distinguished from actions founded on judgments, and different periods are assigned to each. It seems to me, therefore, that the same distinction must be observed when construing section 2539. It is clear that within the meaning of section 2529 the present action is one founded upon a judgment, and not upon a contract. If it was founded upon a contract unwritten, the period of limitation would be 5 years, with the privilege of showing that it had been revived within 5 years last past by an admission or new promise in writing. If it was founded upon a contract written, the period of limitation would be 10 years, with the privilege of showing that within the 10 years last past it had been revived by an admission or new promise in writing. If founded upon a judgment, the period of limitation is 20 years; but upon what section of the statute can be based the claim that an admission or new promise will revive it? The very fact that the period of limitation is 20 years takes it out of the two classes of written and unwritten contracts, and it is only causes of action based upon contracts that can be revived by an admission or new promise under section 2539. But it is argued that the court may look beyond the judgment itself as a cause of action, and ascertain whether it was based upon contract, and, if it was, then hold that the cause of action founded on the judgment may be revived by a new promise or admission in writing. Certainly it is not so expressed in the statute, and there exists no good reason why exceptions should be grafted upon it not fairly within the language used. Suppose A. should negligently

cause an injury to B., for which an action in tort would lie. In settlement of such injury A. executes to B. a written contract to pay him a given sum. Upon this contract judgment is rendered in favor of B. After the lapse of 20 years from the rendition of the judgment, suit is brought thereon. If, to avoid the plea of the statute by proving a new promise, it was permitted to B. to show that the judgment was founded upon a written contract, should it not likewise be permitted to A. to show that the contract was founded on a tort, thus showing that the original foundation of the action was not a contract, but was a tort? Certainly it was not intended that the court should investigate the origin of every cause of action evidenced by judgments in order to ascertain the period of limitation applicable thereto. The periods provided in the statute apply to the cause of action in the form in which it is made the foundation of the action to which the limitation is pleaded. The sole inquiry, therefore, in the present case is as to the cause of action on which the present suit is based, and, it appearing that it is founded upon a judgment, the period applicable thereto is 20 years, and the provisions of section 2539 are not applicable to this class of actions.

Furthermore, to revive a suit based upon a contract under the provisions of section 2539, it is necessary that the written admission or new promise should be signed by the party to be charged therewith. The admission claimed to exist in the present case is found in the answer filed in the name of the county to the information for the *mandamus*. The answer is signed solely in the name of the attorneys appearing for the county. In the case of *Carpenter* v. *District Tp.*, 58 Iowa, 335, 12 N. W. Rep. 280, the supreme court of Iowa held that an indorsement entered upon a warrant by the treasurer of the school-district, and signed by him, was not the act of the district township within the meaning of section 2539, for the reason that the treasurer had no authority to bind it by his contracts or admissions. The act done by the treasurer in indorsing the payments made upon the warrants was an official act wholly within the scope of his authority, yet it was held that it did not bind the district township as an admission or new promise. In the case at bar the attorneys doubtless had authority to sign the answer to the information, and for the purposes of that case their action bound the county, but it is equally clear that an attorney has no general authority to contract for and bind a county by admissions or promises; and therefore, under the doctrine of the supreme court of Iowa in the case cited, it must be held that the answer to the information, being signed by the attorneys only, cannot be held to be a writing signed by the county, within the meaning of section 2539. For these reasons the matters set forth in connection with the *mandamus* proceedings are immaterial, and the motion to strike the same from the amended petition is granted.

It is also sought to strike from the petition the allegation that since the bringing of this action the plaintiffs have had issued to them auxiliary letters of administration by the proper probate court of Iowa. The position of defendant is that foreign administrators cannot maintain an action for the recovery of the assets of the estate without taking out letters

of administration in this state, and that the latter must be procured before the action is brought. On part of plaintiff it is claimed that, while it is true that auxiliary administration must be had in this state, when such letters are in fact procured the petition may be amended by the averment of the issuance of such letters, and the action may be sustained. It cannot be questioned that under the liberal provisions of the Code of Iowa touching amendments, the supreme court of Iowa has sustained changes in the parties plaintiff and other amendments which in principle would seem to justify the court in holding in the present case that the action could be maintained. *Wells* v. *Stombock*, 59 Iowa, 376, 13 N. W. Rep. 340. Whatever, however, is the true ruling on the ultimate question involved, the motion to strike out the averment touching the issuance of the auxiliary letters in Iowa cannot be sustained. The fact that such letters have been issued to plaintiffs is a material and necessary matter to be averred. Whether the action as now pending can be sustained, having been brought before the issuance of these letters, is a question that may not arise in the case. If the defendant does not in some proper mode raise the question,—it being merely a matter in abatement,—but tenders some other issue or issues, this defense, if it be one, would be waived. Under these circumstances it cannot be said that this averment of the issuance of the auxiliary letters is an averment of a wholly immaterial matter, and for this reason the motion to strike is, in this particular, overruled.