## PHILLIPS et al. v. NOEL CONST. CO. et al.[*]

(Court of Appeals of District of Columbia. Submitted February 5, 1920.
Decided May 3, 1920.)

### No. 3297.

1. **Courts ⬗7—Court of domicile of government creditor can determine claims to fund.**

   A debt owed by the United States has no locality at the seat of the government, and a state court in the state of the creditor's domicile has jurisdiction to determine conflicting claims to the fund between creditors of the government's creditor.

2. **Equity ⬗263—Motion to strike special plea admits facts.**

   Facts alleged in special plea to the bill must be considered as true, where plaintiffs elected to stand upon their motion to strike the plea after it had been overruled.

3. **Courts ⬗508(2)—Prevention of dissipation of funds for receiver's costs not reason to interfere with state court.**

   The fact that a fund owed by the government to a contractor, if paid to receivers of the contractor appointed by the state court, may be used to pay expenses of receivership, does not require the court of the District, at suit of receiver of creditor claiming priority, who did not reside in the District, in enjoining payment to the state receiver, which would also result in partial dissipation of the fund for court costs.

4. **Receivers ⬗210—State receiver can resist attempt to deprive him of funds due from United States.**

   A receiver appointed by a Maryland court, who is a statutory receiver under Code Pub. Gen. Laws, Md. 1888, art. 23, § 264 et seq., can resist in the court of the District a suit to prevent payment to him of a government claim at the suit of a receiver appointed in another state, who claimed a prior right to the fund.

5. **Courts ⬗493(3)—Can refuse jurisdiction to determine priority determinable in state receivership proceedings.**

   Under the doctrine of comity, the courts of the District can refuse to take jurisdiction to determine priority between claims to a fund owed a government contractor, which can be determined in the state receivership proceedings against the contractor, since it must be presumed that all legal rights will be preserved in that proceeding.

Appeal from the Supreme Court of the District of Columbia.

Suit by Jesse S. Phillips and others, as receivers, against the Noel Construction Company and others. From a decree dismissing the bill of complaint, plaintiffs appeal. Affirmed.

C. W. Maupin, of Washington, D. C., for appellants.

E. C. Brandenburg, F. W. Brandenburg, and W. E. Richardson, all of Washington, D. C. (Jackson H. Ralston, of Washington, D. C., on the brief), for appellees.

SIDDONS, Acting Associate Justice. This is an appeal from a decree in equity discharging a rule to show cause, overruling a motion to strike out a plea to the jurisdiction of the trial court, and dismissing the bill of complaint.

The appellants, plaintiffs below, seek by their bill to obtain an injunction against the defendants Noel Construction Company, and Edgar A. Poe, James B. Clark, and John M. Littig, receivers of said

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 254 U. S. —, 41 Sup. Ct. 7, 65 L. Ed. —.

company, enjoining and restraining them from receiving the sum of $26,912.76 from the United States, or any check or draft that may be issued in payment thereof; that the defendant Josephus Daniels, Secretary of the Navy, and his subordinates in office, be enjoined and restrained from making payment of said sum to said defendants, their agents, attorneys, or assigns, by way of check, draft, or otherwise, until the further order of the court; for the appointment of a receiver to demand and receive from the United States the said sum of $26,912.76, or any check or draft that may be issued in payment of the same, and that defendant Secretary of the Navy be directed to pay said sum to such receiver, in exoneration of plaintiffs from their liability under the bond of the Noel Construction Company; and for general relief.

Answers were filed by the defendants United States Fidelity & Guaranty Company, the Secretary of the Navy, and Edgar A. Poe, James B. Clark, and John M. Littig, receivers of the Noel Construction Company; the answer of Poe, Clark, and Littig containing a special plea to the bill, hereafter more fully set forth. A motion by the plaintiffs to strike out this plea was overruled; this action forming the basis of their second assignment of errors.

The material facts revealed by the pleadings are as follows:

The defendant Noel Construction Company on May 31, 1907, entered into a contract with the United States for the construction of a considerable building operation at North Chicago, Ill., and to secure its due performance and the payment of laborers and materialmen executed at the same time three bonds in the customary form, one being in the penalty of $123,000, with the defendant the Title Guaranty & Surety Company as surety, another in the penalty of $44,000, with the defendant the United States Fidelity & Guaranty Company as surety, and the remaining one in the penalty of $58,000, with the People's Surety Company as surety. In voluntary dissolution proceedings in the Supreme Court of New York, the plaintiffs were appointed the receivers of the last-named surety company, which was a New York corporation, with authority to sue for and recover its assets wherever found. It is not clear when this action was taken, though there is in the record a slight indication that it may have been some time in the year 1912.

The Noel Construction Company completed its contract on or about April 11, 1911. A dispute arose between it and the United States as to the balance of the amount due by the latter to it under the contract, a dispute which seems to have lasted up to the time of the institution of this suit; but it is admitted by the Secretary of the Navy, in his answer to the bill of complaint and rule, that there is $26,912.76 due to the contractor, "subject, however, to a retent of $1,000, to indemnify the United States against defects which may appear in the work within a limited period."

At the time of the completion of the contract there remained unpaid by the Noel Construction Company bills for labor and materials supplied to it for the operation, and pursuant to a decree passed in suits brought therefor on the contractor's bonds, and consolidated,

the defendant sureties, the Title Guaranty & Surety Company and the United States Fidelity & Guaranty Company, paid or advanced the sum of $35,486.71. Thereafter the said sureties applied to and obtained from the Supreme Court of New York, in which was pending the dissolution proceedings of the People's Surety Company, an order requiring the appellants, as the receivers of said company, to pay to the Title Guaranty & Surety Company and the United States Fidelity & Guaranty Company certain specified amounts as contribution for the ratable share of the People's Surety Company on account of its suretyship. These amounts had not been paid when the original bill of complaint was filed, but were paid the following month, as appears by the amendments to the bill, filed August 20, 1918. The total of these amounts is a little more than one-fifth of the sum paid or advanced by the other two surety companies.

The plaintiffs claim that they have a lien upon or—

"equitable interest in the balance of the contract price of said work in the hands of the United States, to the extent of the proportion in which said surety is bound to contribute for losses incurred under the several bonds of its principal aforesaid, which lien or interest is superior to the claims of all persons, including the said contractor and its receivers."

The defendant receivers of the Noel Construction Company were appointed such March 13, 1913, by the circuit court of Baltimore, Md., in proceedings for the involuntary dissolution of said company, which is a Maryland corporation, and they allege in their answer to the bill of complaint, as amended, that by the decree appointing them receivers of the Noel Construction Company they—

"were invested with full right and title to the balance payable on the contract described in said bill of complaint; that said decree was passed by said court on the 13th day of March, 1913, and since the date thereof these defendants have diligently proceeded to adjust and collect the amount due on said contract and to settle the differences which have arisen by reason of the deductions made by the government from the contract price described in the foregoing paragraphs of this answer; that by said decree these defendants have no authority to disburse or dispose of the said draft or other proceeds of the payment to be made on account of said contract, but are required to collect and receive the same and to hold the same subject to the further order and direction of the said circuit court and their purpose and intention on receiving said draft and the proceeds thereon was not to disburse or to pay out the same in the manner described in said paragraph of said bill of complaint, and they have no authority so to do, but it was and is their intention when said draft is collected to report the collection thereof to said circuit court and to hold the same subject to the further action of said court, and said fund would not be distributed without a full opportunity for the plaintiffs and said defendant surety companies to assert and have determined their claim for priority in the distribution of said fund, if such priority exists."

The eleventh paragraph of the receivers' answer consists of a special plea in the following words:

"Further answering said action, these defendants, for a special plea to the said bill of complaint and amended bill, and to each paragraph thereon state that by the decree of the circuit court investing these receivers with title to said fund and requiring them to account for the same to said court for distribution of said fund as stated in the foregoing paragraphs of this

answer, which allegation is hereby made a part of this special plea, the said circuit court acquired full jurisdiction and authority to administer said fund, which jurisdiction is binding upon all parties to this suit; that no equitable reasons are shown in the bill of complaint for depriving the said circuit court of the state of Maryland of the jurisdiction to administer said fund, and this proceeding should be dismissed and said fund permitted to be paid to these receivers, in order that the proper distribution of said fund should be determined by the court whose jurisdiction first attached, in connection with the claims of like nature which are now pending before said court."

As we have already stated, this plea was attacked by the plaintiffs by a motion to strike it out, upon the ground that it states no matter sufficient in law to show want of jurisdiction in the trial court to grant the relief prayed in the bill.

It may be remarked at this point that the plea makes no attempt to show want of jurisdiction in the trial court, but rather—

"that no equitable reasons are shown in the bill of complaint for depriving the said circuit court of the state of Maryland of the jurisdiction to administer said fund."

This implies a jurisdiction in the trial court, but urges that it should not be exerted under the circumstances revealed in the pleadings.

On behalf of the appellants the case has been presented on the theory that the fundamental question involved was whether the Maryland court had constructive possession of the property represented by the claim of the Noel Construction Company against the United States for the unpaid balance of the contract price for the building operation, and that question both in brief and argument has been exhaustively discussed. We do not think that question is involved, or a question that the jurisdiction of the trial court to grant relief could not be exerted, if it considered it necessary in the interest of justice to do so. The question is: Could the trial court refuse to take jurisdiction and leave the parties to assert their rights in the Maryland court where the property of the Noel Construction Company is properly to be administered in the dissolution proceedings? We think it could.

[1] It is clear that the sum due by the United States on the building contract, whatever the amount, was due to the Noel Construction Company, the contractor, even though it was subject to claims in favor of those who may have supplied labor and materials for the operation, or constituted a fund to which the contractor's sureties could resort for reimbursement, in the event that they paid any of such claims in fulfilling the obligation of their suretyship. It is equally clear that this right of the contractor passed to its receivers in the winding up proceedings in the home court of the corporation.

The Supreme Court in the case of United States v. Borcherling, 185 U. S. 223, 233, 22 Sup. Ct. 607, 611 (46 L. Ed. 884), quoted with approval the following language of Mr. Justice Story in Vaughan v. Northup, 15 Pet. 1, 10 L. Ed. 639:

" 'The debts due from the government of the United States have no locality at the seat of government. The United States in their sovereign capacity have no particular place of domicile, but possess, in contemplation of law, an ubiquity throughout the United States, and the debts due by them are not to be treated like the debts of a private debtor, which constitute local assets in

his own domicile.' and accordingly it was held, in that case, that 'the administrator of a creditor of the government duly appointed in the state where the creditor was domiciled at the time of his death, has full authority to receive payment and give a full discharge of the debt' 'due his intestate in any place where the government may choose to pay it, whether it be at the seat of government or at any other place where the public funds are deposited, and that moneys so received constituted assets under that administration, for which he was accountable to the proper tribunals of the state where he was appointed."

The court further states on page 233 of 185 U. S. (22 Sup. Ct. 611, 46 L. Ed. 884):

"That it was competent for a state court of the domicile of a creditor of the United States, and having jurisdiction over his person, to decide a controversy between his heirs and creditors as to the right to receive moneys held in trust by the United States."

We think the principle thus recognized applies to the facts of the present case. The Maryland court is a court of the domicile of the contractor corporation, which is a creditor of the United States, and that court is engaged through its instruments, the defendant receivers, in collecting the assets and property of the contractor wherever they may be found, and administering them for the benefit of its creditors and claimants in the order to which they may be entitled, and if there be a residue to distribute it to the stockholders.

[2] No question is presented in this case of local creditors to be protected, for the bill of complaint alleges (paragraph 8) that there are none such. There is no local citizen before the court claiming the fund or any part of it. The contest is between nonresidents, New York and Maryland court receivers. The plaintiffs can as effectively assert their claim in the Maryland court as in the Supreme Court of the District of Columbia. It is true that they complain that if the fund is allowed to go to the defendant receivers they intend—

"to apply the proceeds thereof to the payment of the claims of general creditors of the Noel Construction Company and to the heavy costs and expenses of their receivership, including large attorney's fees incurred by them in various suits or proceedings to which they, or the Noel Construction Company, were parties."

[3] But this is denied by said defendants in their answer, which is to be taken as true under the course the plaintiffs have seen fit to pursue in presenting their case; that is, by their motion to strike out and electing to stand upon that motion when overruled. Besides, it is not so certain that, if the fund was awarded to the plaintiffs, there would not be "costs and expenses of their receivership," including attorney's fees, and that the residue of the fund that would go to the defendant receivers ultimately, after satisfying the claim of the People's Surety Company, would be further depleted by the costs, etc., of that receivership.

[4] The appellants place much reliance on the rule laid down in Booth v. Clark, 17 How. 322, 15 L. Ed. 164, and Clark v. Clark, 17 How. 315, 15 L. Ed. 77, although conceding that the rule has been modified in certain respects, and now recognizes the right of statutory receivers to sue in foreign courts without leave by such courts or by

the courts which appoint them, and they point out that they are statutory receivers, and therefore not within the rule of the Supreme Court in the cited cases, which denied the right of a receiver appointed in a judgment creditor's suit in the state of New York to a fund in the treasury of the United States as against the claims of a Massachusetts judgment creditor and others, suing in the courts of the District of Columbia to subject such fund to the payment of their claims—this upon the ground that the District Courts could not recognize the claims of a receiver appointed without the District.

But this contention establishes as well the right of the defendant receivers to sue, for they, too, are statutory receivers appointed by a foreign court. See receivers' answer and 1 Code Md. 1888, p. 387 et seq., art. 23, § 264 et seq. It is true that they are not suing, but have been haled into the local court by the plaintiff receivers, who assert that they cannot be permitted to receive the fund, because of the rule of Booth v. Clark and Clark v. Clark. If that rule stands in the way so far as the defendant receivers are concerned, it is equally an obstruction to the plaintiffs. But we think it does not apply to the facts of this case, in its modified form, at least.

[5] In the final analysis, the record presents, we think, a case for the recognition of the well-established doctrine of comity between courts of foreign jurisdictions. The Maryland court, we are bound to assume, will do justice to all parties before it, and in winding up the affairs of the contractor corporation will accord all lawful preferences to the sureties, creditors, and claimants of the corporation. The defendant receivers have for years been endeavoring to adjust the controversy over the sum due to the contractor by the United States, and when this suit was filed it is clear that the controversy was drawing to an end, and it is equally clear that the appellants timed their application to the trial court, so as to avail themselves of the adjustment that the defendant receivers had about effected with the United States.

If they will go into the Maryland court with their claim, they will undoubtedly receive such preference or priority as, under the law, they may be entitled to, and with less cost to the estate of the contractor corporation, and perhaps to its other sureties, creditors, and claimants, than if the plaintiffs were permitted to take the fund under such an order or decree as they seek to obtain in this suit.

We conclude that there was no error in the decree dismissing the bill of complaint, and it is affirmed, with costs to the appellee.

Affirmed.

·ROBB, Associate Justice, did not sit in the consideration or decision of this case.

NOTE.—Mr. Justice SIDDONS, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB.