McCANDLESS, RECEIVER, *v.* FURLAUD ET AL.

No. 11. Argued October 11, 1934.—Decided November 5, 1934.

*Mr. Ralph Royall* for petitioner.

*Mr. Louis B. Eppstein,* with whom *Messrs. Ira W. Hirshfield* and *Louis J. Altkrug* were on the brief, for respondents.

68

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

McCandless, a citizen and resident of Pennsylvania, suing as ancillary receiver of the Duquesne Gas Corporation, appointed by the federal court for southern New York, brought this suit in that court. The bill alleged that he had been appointed receiver of all the assets of the Corporation in a consolidated suit in the federal court for western Pennsylvania originally brought by Frank T. Harrington against the Duquesne Gas Corporation, and later consolidated with one brought by the Central Hanover Bank and Trust Company, as trustee under the Corporation's mortgage; that upon his petition as primary

receiver filed in the federal court for southern New York he had by an order "duly made" been appointed ancillary receiver there; that he had "duly qualified and is now acting as such ancillary receiver"; and that the "order duly authorized" him as such receiver to bring this suit. The bill then set forth at great length facts on which it charged that the defendants, or some of them, acting in a fiduciary relation to the Corporation came into the possession of funds arising from the sale of its securities and had misappropriated more than $2,500,000. An accounting and the recovery of these sums were prayed for. Furlaud, a citizen and resident of New York, and three corporations organized under the laws of states other than Pennsylvania were the defendants. Each filed an answer which denied most of the allegations of the bill.

The case was heard by the District Court on the merits, on evidence which occupied 217 pages of the original printed record. That court entered a final decree which ordered Furlaud and the Kingston Company to pay the sum of $1,834,640.08 with interest and costs. Those defendants appealed to the Circuit Court of Appeals, denying liability. McCandless cross-appealed, claiming the additional sum of $850,000; and that the other two companies, as to whom the bill had been dismissed by the decree, were also liable for the full amount.

The Court of Appeals, without passing upon the merits of the controversy, reversed the decree. 68 F. (2d) 925. It did so, solely on the ground that, under the rule of *Booth* v. *Clark,* 17 How. 322, the "appointment of the plaintiff as ancillary receiver was void, and he did not acquire, in any of the proceedings, a status to warrant the institution of this suit." Its decision was based upon the following facts which were shown by the copy of the record of the proceedings in the federal court for southern New York by which McCandless was appointed an-

cillary receiver, and which he had introduced at the hear-- ing in this cause. The papers in the proceeding for such appointment were entitled "Frank T. Harrington, Complainant against Duquesne Gas Corporation, Defendant"; but in fact, no independent bill against the Corporation had been filed in the Southern District of New York by Harrington, or by any other person. The papers filed consisted merely of a petition by McCandless as primary receiver praying that he be appointed ancillary receiver; and the order entered thereon. Annexed to his petition was a copy of the proceedings of the federal court for western Pennsylvania by which he was appointed primary receiver. The record does not show that the Corporation was represented when the appointment of the ancillary receiver was made. So far as disclosed by the record, the order of the District Court for Southern New York appointing him, was made *ex parte*.

The Court of Appeals held that the legal sufficiency of the appointment of the plaintiff as ancillary receiver had been put in issue by the answer; and that the plaintiff had not sustained the burden of establishing its legality. It ruled that in the federal courts a foreign receiver may not "sue outside the district as a matter of comity even by obtaining permission before suit is commenced"; that "to permit a foreign receiver to obtain an ancillary appointment, on an *ex parte* application, improperly avoids the rule denying foreign receivers the right to sue in the foreign jurisdiction"; that the "right of a receiver to sue in a foreign court cannot be upheld as a mere incident to the office of a receiver"; and that, since federal courts for the several districts are foreign to one another, an ancillary receiver may be appointed only as an incident of an independent bill.

The importance of reviewing that ruling—in view of an established practice, said to prevail in perhaps a majority of the state courts, of permitting foreign receivers

to sue,[1] and a common practice, said to obtain in federal courts, of appointing ancillary receivers on the *ex parte* application of the primary receiver—was the reason principally urged for granting the petition for certiorari. The order allowing certiorari was "limited to the questions pertaining to the validity of the appointment of the petitioner as ancillary receiver, and his right as such to maintain this suit." In the abbreviated record prepared for use here, only those portions of the original record which were supposed to bear upon those questions were included. The rest were omitted in printing pursuant to stipulation. The briefs filed on the argument of the case in this Court were directed solely to the question whether the appointment of the ancillary receiver as made was void and open to collateral attack. But statements of counsel made at the oral argument in this Court, in answer to enquiries, and confirmed by examination of the original record, enable us to dispose of the case without passing on the specific question whether in a federal court an ancillary receiver may be appointed otherwise than as an incident of an independent bill in equity.

*First.* The holding of the Court of Appeals that the legal sufficiency of the appointment of the plaintiff as ancillary receiver had been put in issue by the answer rests solely upon the provision in Equity Rule 30 which declares that a statement in the answer that the defendant is without knowledge as to facts alleged in the bill "shall be treated as a denial."[2] This constructive denial did

---

[1] It is stated by petitioner that a foreign equity receiver is permitted to sue in 21 States; and that the highest courts of 7 other States have indicated approval of that view.

[2] Paragraph Fourth of the amended bill of complainant after reciting the proceedings appointing McCandless primary receiver in the Western District of Pennsylvania, stated: "that upon petition of the complainant as such Receiver duly filed in the United States District Court in and for the Southern District of New York, an order was

not suggest that there was a legal objection to the manner of the appointment or to its validity. The proceedings at the hearing and later show that there was no intention to deny the validity of the appointment of the ancillary receiver; [3] nor was it in fact questioned in the District Court.[4] On the appeal sixty-five alleged errors were as-

duly made on the 23rd day of March, 1932, by said last mentioned Court appointing said complainant, George W. McCandless, as Ancillary Receiver of Duquesne Gas Corporation, which last mentioned order duly authorized the complainant, as such Receiver, to bring this suit, and the complainant has duly qualified and is acting as such Ancillary Receiver." Defendant answered: " With respect to the allegation of paragraph ' Fourth ' of the amended bill of complaint, defendant denies having information sufficient to form a belief with respect thereto and leaves the complainant to his proof thereof."

[3] McCandless, after testifying without objection to his appointment in Pennsylvania, was asked: " Thereafter did you apply for and obtain authority from the Court to bring this suit? " Defendants' counsel objected, stating: " The ground of my objection is that the order itself is the best evidence of what is contained therein. I might say at this point that I intend to raise the point in the course of this trial that the trustee had no authority to bring the suit in the particular action under which he was appointed." The court directed that the order be introduced. Thereupon, McCandless was asked: " Were you thereafter appointed ancillary receiver by this District Court? " Without objection, he answered " Yes." Then he was asked: " Were you there also authorized to bring suit? " Defendants' counsel then made " the same objection " which was sustained. The plaintiff then, without objection, introduced in evidence a copy of the proceeding appointing him the ancillary receiver. That record, including a copy of the proceedings in the Pennsylvania suit occupies 35 pages of the printed record in this Court.

The nature of the objection which counsel had in mind in asserting lack of authority in the " trustee " to bring the suit is not clear. It obviously related equally to the authority conferred by the Pennsylvania court on the primary receiver.

[4] The careful opinion of the District Judge (which occupies 14 pages of the printed record of this Court) makes no mention of any such objection or defense.

signed. One of them was directed to an alleged holding that the order entered in the Southern District of New York " constituted a due and valid appointment " of McCandless as ancillary receiver. But the record does not show that the District Court did so rule; or that it was requested to rule on the subject. Moreover, the petitioner stated that the objection to the validity of the appointment had been made for the first time in the Court of Appeals; and counsel for the respondent, in his oral argument in this Court, said that the objection to the validity of the appointment was not urged by him because he desired to have a decision on the merits.

*Second.* Under the early practice an objection to the legal capacity of the plaintiff to sue could be taken only by plea in abatement. *Kane* v. *Paul,* 14 Pet. 33, 41; *Ventress* v. *Smith,* 10 Pet. 161, 168. Now, it may be taken by plea in bar or by answer. *Noonan* v. *Bradley,* 9 Wall. 394, 400–402. But an objection to the plaintiff's legal capacity to sue will not be entertained if taken, for the first time, in the appellate court. The rule is of general application and has been applied in the federal appellate courts to a variety of cases. To lack of capacity on the ground of infancy;[5] on the ground that plaintiff was a married woman;[6] on the ground that the husband was not entitled to sue in his own name for the death of his wife;[7] on the ground that plaintiff, a foreign corporation, had failed to comply with requirements of the local law;[8] on the ground that a suit in the name of the United States was brought without the requisite authority of the Attorney General.[9] Under like circumstances the appel-

---

[5] *Paauhau Sugar Plantation Co.* v. *Palapala,* 127 Fed. 920.

[6] *Buckingham* v. *Estes,* 128 Fed. 584, 585–6.

[7] *St. Louis Southwestern Ry. Co.* v. *Henson,* 58 Fed. 531.

[8] *Dahl* v. *Montana Copper Co.,* 132 U. S. 264.

[9] *McLaughlin* v. *United States,* 107 U. S. 526, 528.

late courts have refused to entertain the objection that plaintiff was not the real party in interest,[10] that the father was not entitled to sue for the death of his minor son;[11] and that the plaintiff, an executor or administrator, had not secured ancillary administration.[12] The reason for the rule is the broad one that a defect found lurking in the record on appeal may not be allowed to defeat recovery, where the defect might have been remedied, if the objection had been seasonably raised in the trial court.[13]

*Third.* The alleged invalidity of the order appointing McCandless ancillary receiver is a defect of this character. It is urged that the appointment of an ancillary receiver can be made only as an incident of an independent bill, and upon application of one properly a party thereto; that here there was nothing before the court, because no suit was then pending in the Southern District of New York; that there was neither a plaintiff nor a defendant; that no relief was prayed; that no process had issued; that the Corporation did not voluntarily appear; and, hence, that the court lacked the power to make the appointment, since there was nothing before it upon which its judicial power could act. We have no occasion to decide whether the contention is well founded. For if the validity of his appointment as ancillary receiver had been seasonably urged in the trial court, the plaintiff might have remedied the defect by causing an independent bill to be filed; the District Court might thereon have entered an order appointing him ancillary receiver; and, in this

---

[10] *Northwestern S. S. Co.* v. *Cochran,* 191 Fed. 146, 149; *Mayor* v. *United States ex rel. Helena Waterworks Co.,* 104 Fed. 113, 115.

[11] *Texas & Pacific Ry. Co.* v. *Lacey,* 185 Fed. 225, 227; appeal dismissed, 229 U. S. 628.

[12] Compare *McAleer* v. *Clay County,* 38 Fed. 707; *Leahy* v. *Haworth,* 141 Fed. 850.

[13] Compare *O'Reilly* v. *Campbell,* 116 U. S. 418, 420.

cause, the trial court might have permitted the appropriate amendment of the bill of complaint.[14]

The rule that a federal appellate court must, of its own motion, dismiss the suit if it appears that the trial court was without jurisdiction, *Mansfield, C. & L. M. Ry. Co.* v. *Swan,* 111 U. S. 379, 382, is not applicable to the situation presented here. In the case at bar the District Court confessedly had jurisdiction of the subject matter and of the parties. The objection sustained goes not to the jurisdiction of the District Court in this suit, but to the legal capacity of the plaintiff as ancillary receiver.

*Fourth.* The objection which the Court of Appeals held fatal to the maintenance of this suit differs in essence from that sustained in *Booth* v. *Clark.* There, the foreign equity receiver suing in the federal court of another State failed because, having no title to the assets within the district, he was without a cause of action. He lacked title because the order appointing him did not, and could not, transfer to him the assets involved in the litigation. For that reason, a bill in the federal court for southern New York brought by the primary receiver, alleged to have been duly appointed in Pennsylvania and authorized to bring this suit, would have been bad on demurrer. But this bill by the ancillary receiver, which alleges that he had been duly appointed by the federal court for New York and authorized to bring the suit, would have been good on demurrer.

*Great Western Mining Co.* v. *Harris,* 198 U. S. 561, 576, shows that the rule of *Booth* v. *Clark* rests upon practical considerations. The foreign receiver failed in the *Great Western* case although he sued in the name of the corporation. He failed, as the Court there stated, because " every jurisdiction, in which it is sought by means of a receiver to subject property to the control of

---

[14] Compare *Coal & Iron Ry. Co.* v. *Reherd,* 204 Fed. 859.

the court, has the right and power to determine for itself who the receiver shall be and to make such distribution of the funds realized within its own jurisdiction as will protect the rights of local parties interested therein, and not permit a foreign court to prejudice the rights of local creditors by removing assets from the local jurisdiction without an order of the court or its approval as to the officer who shall act in the holding and distribution of the property recovered." The nature of the rule of *Booth* v. *Clark* is shown further by the fact that, when by statute the appointment of the receiver operates to transfer title, the foreign receiver may sue in the federal court for another State. See *Bernheimer* v. *Converse*, 206 U. S. 516; compare *Converse* v. *Hamilton*, 224 U. S. 243; *Clark* v. *Williard*, 292 U. S. 112.

The judgment of the Court of Appeals is reversed and the cause is remanded to it for the determination of the questions relating to the liability of the defendants decided by the District Court and presented by the appeal and cross-appeal.

*Reversed.*