## UNITED STATES on Behalf of and for the Use of J. P. DUFFY CO. v. GEORGE F. DRISCOLL CO. et al.

District Court, S. D. New York.

March 14, 1935.

Phillips & Avery, of New York City, for petitioner.

Paul C. Werner and Walter Jeffrey Carlin, both of New York City (Samson Merriam, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suit is under the Heard Act (40 USCA § 270), to recover under a contractor's bond executed in connection with the construction of the parcel post building in this city. The present petition is by one Read, receiver of Hale & Kilburn Com-

948

pany, a foreign corporation, for leave to intervene and prove a claim under the bond. The receiver's petition shows that he was appointed receiver in an equity cause by the District Court for the Eastern District of Pennsylvania, that he continued the business of the insolvent concern under order of court, and that in the course of such business he sold materials to a subcontractor, the materials going into the building. The motion is opposed by the defendants. It is said that a foreign receiver may not sue outside the jurisdiction of his appointment, and McCandless v. Furlaud, 68 F. (2d) 925 (C. C. A. 2), is cited as an authority for that proposition. The McCandless Case was reversed on other grounds. 293 U. S. 67, 55 S. Ct. 42, 79 L. Ed. ——.

But here it is averred that the foreign receiver himself made the contract. He is asking relief, not on a contract made by the insolvent, but on a contract made by himself. He is owner of the chose in action and may enforce it anywhere. Where a foreign receiver has a claim acquired in behalf of his estate by reason of transactions occurring after his appointment, he may sue on it outside the jurisdiction of appointment. A case in point is Chicago Bonding & Surety Co. v. United States, 261 F. 266 (C. C. A. 7). See, also, Cooke v. Town of Orange, 48 Conn. 401; Merchants' National Bank v. Pennsylvania Steel Co., 57 N. J. Law, 336, 30 A. 545.

The motion for leave to intervene will accordingly be granted.