## COLLINS v. McDONALD.

### No. 60747.

District Court of the United States for the District of Columbia.

Jan. 8, 1937.

Bynum E. Hinton, H. Winship Wheatley, and Alexander M. Heron, all of Washington, D. C., for plaintiff.

William C. Sullivan, of Washington, D. C., for defendant.

ADKINS, Justice.

Plaintiff brings this suit as receiver, appointed by the United States District Court for the Northern District of Florida, of the National Construction Company, a Florida corporation. The bill prays that defendant be required to pay over to plaintiff a fund realized by defendant by cashing a check made by the United States government to said Construction Company.

Defendant moves to dismiss on the ground, among others, that the receiver may not bring such suit outside of the court appointing him.

Plaintiff moves to strike the motion to dismiss on the ground that defendant has heretofore filed a motion to quash service of process, which motion was overruled.

■ 1. Defendant has the right to move to dismiss. after denial of his motion to quash.

The objection relied on in the motion to quash depended on facts not appearing of record, and the order overruling the motion to quash expressly held that the objection was properly made by the motion to quash. Therefore the motion to strike is denied.

2. The receiver was appointed in a suit filed by a judgment creditor of the National Construction Company seeking to reach the assets of said company.

There were two decrees, in each of which the receiver was vested with the title to all property, real and personal, belonging to the corporation. The second and final decree finds that defendant is utterly and hopelessly insolvent and directs that the assets of the corporation be liquidated and the proceeds divided equitably among its creditors.

The final order directs said National Construction Company and its officers to assign to the receiver all the property and assets of the corporation wherever situate, but it does not appear that such assignment was executed.

■ Defendant contends that plaintiff has only the rights of a receiver appointed in ordinary chancery proceedings and that under the settled rule announced by the Supreme Court such receiver has no right to sue in a court beyond the territorial jurisdiction of the court making the appointment.

This rule, announced in Booth v. Clark, 17 How. 322, 329, 15 L.Ed. 164, has been adhered to since. See Hale v. Allinson, 188 U.S. 56, 57, 23 S.Ct. 244, 47 L.Ed. 380; Great Western Mining Co. v. Harris, 198 U.S. 561, 25 S.Ct. 770, 49 L.Ed. 1163; Sterrett v. Second National Bank, 248 U.S. 73, 39 S.Ct. 27, 63 L.Ed. 135; Lion Bonding Co. v. Karatz, 262 U.S. 77, 87, 43 S.Ct. 480, 483, 67 L.Ed. 871; Clark v. Williard, 292 U. S. 112, 120, 54 S.Ct. 615, 618, 78 L.Ed. 1160; McCandless v. Furlaud, 293 U.S. 67, 55 S. Ct. 42, 45, 79 L.Ed. 202; 3 Beale Conflict of Laws (1935) § 564, p. 1584.

The language of the opinion in the last-mentioned case seems decisive on the point here involved.

McCandless was appointed receiver in the Federal Court for the Western District of Pennsylvania. He thereupon filed a petition in the Federal Court in the Southern District of New York for appointment as ancillary receiver, and having been appointed, brought his suit in the latter court to recover from certain defendants residing in that jurisdiction.

The validity of his appointment as ancillary receiver was first attacked on appeal. The Supreme Court held that was too late. In discussing the question the court said: "He [the receiver] lacked title because the order appointing him did not, and could not, transfer to him the assets involved in the litigation. For that reason, a bill in the federal court for Southern New York brought by the primary receiver, alleged to have been duly appointed in Pennsylvania and authorized to bring this suit, would have been bad on demurrer. But this bill by the ancillary receiver, which alleges that he had been duly appointed by the federal court for New York and authorized to bring the suit, would have been good on demurrer."

Under the decisions of the Supreme Court the proper practice is for the receiver to obtain an ancillary appointment in the jurisdiction where suit is to be brought. In Lion Bonding Co. v. Karatz, 262 U.S. 77, 87, 43 S.Ct. 480, 483, 67 L.Ed. 871, jurisdiction was refused because an ancillary receiver had not been appointed.

■ The rights of plaintiff are not changed by the provisions in the orders directing that title shall vest in him and that the corporation shall make an assignment to him.

In Clark v. Williard, supra, it is held that a chancery receiver is not entitled to sue in a foreign jurisdiction where, in consequence of a decree, any corporation still in being has made a compulsory assignment of its assets with a view to liquidation, and in support of this statement the foregoing cases are cited.

In McCandless v. Furlaud it is expressly held that the court appointing the receiver is without power to transfer title to the receiver to claims which may be collected only by suit in another jurisdiction.

In the present case it is not contended that the receiver is the successor to the corporation nor that the statutes of Florida transferred the corporation's property to him. Therefore this does not come within the rule applied in Clark v. Williard, supra,

and the cases cited therein (292 U.S. 112, 120, 54 S.Ct. 615, 618, 78 L.Ed. 1160).

Nor does this case come within the exception applied in Grant v. A. B. Leach & Co., 280 U.S. 351, 361, 50 S.Ct. 107, 110, 74 L.Ed. 470. There the receiver was appointed by the court of common pleas of Ohio and the suit was brought by him in the United States District Court for the Eastern Division of the Northern District of Ohio—within the territorial limits of the court appointing the receiver.

It follows that the motion to dismiss must be granted.