258

## COLLINS v. McDONALD.
### No. 6985.

United States Court of Appeals for the District of Columbia.

Argued March 10, 1938.
Decided April 25, 1938.

Bynum E. Hinton and Alexander M. Heron, both of Washington, D. C., for appellant.

William C. Sullivan, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

GRONER, C. J.

Appellant is the receiver of National Construction Company, a Florida corporation. The company was placed in receivership October 8, 1935, in the United States District Court for the Northern District of Florida at the instance of an unsatisfied judgment creditor. Appellant was appointed receiver in an order directing him to take possession of all the property, real and personal, belonging to the corporation and to sue for and collect any of the corporate assets wherever they might be found.

The bill which appellant filed below alleged that one John McDonald, a resident of the District of Columbia, who was president of the construction company, had in June 1933 received possession of a check drawn to the company by the Treasurer of the United States in the sum of $53,000 in partial payment by the United States for work done by the company under a contract with the government. The purpose of this suit was to recover possession of the proceeds of the check which McDonald had obtained and refused to pay over to the receiver. Appellee McDonald filed a motion to dismiss based upon a number of grounds, among them the ground that the Florida Federal Court had no power to vest appellant with authority to sue in a foreign jurisdiction and that appellant as a foreign receiver could not, therefore, maintain a suit here. The motion to dismiss was sustained under the rule announced in Booth v. Clark, 17 How. 322, 329, 15 L.Ed. 164. Unless we are to refuse to follow the established Federal rule, and instead adopt the rule very widely applied in the state courts, we must affirm.

In Barley v. Gittings, 15 App.D.C. 427, decided in 1899, we said that the rule in Booth v. Clark, when confined to the facts of the case, did not require that we should hold under all circumstances that a receiver appointed by the court of another jurisdiction might not be accorded recognition in the courts of the District of Columbia; and so in that case we held that a foreign receiver might sue in the District of Columbia when to do so would not contravene the policy of local laws or be detrimental to the interests of domestic creditors. If we were to follow Barley v. Gittings, we might properly sustain here the right of the Florida receiver to bring this suit, for nothing appears which indicates that there are local creditors who would be prejudiced; but since our decision in that case the Supreme Court has thoroughly clarified its position on this subject, and no longer is there any possibility of distinguishing Booth v. Clark on its facts. We have not had occasion in recent years to examine the question in a case unaffected by distinguish-

ing circumstances,[1] and since when we come to examine it now we find unqualified decisions of the Supreme Court directly opposed to Barley v. Gittings, we think we should no longer recognize what was said there but should conform to what the Supreme Court has said is now the settled law of the Federal Courts. The rule is stated in Sterrett v. Second Nat. Bank, 248 U.S. 73, 39 S.Ct. 27, 63 L.Ed. 135, in this language (page 28):

"Since the decision of this court in Booth v. Clark, 17 How. 322, 15 L.Ed. 164, it is the settled doctrine in federal jurisprudence that a chancery receiver has no authority to sue in the courts of a foreign jurisdiction to recover demands or property therein situated. The functions and authority of such receiver are confined to the jurisdiction in which he was appointed. The reasons for this rule were fully discussed in Booth v. Clark and have been reiterated in later decisions of this court. Hale v. Allinson, 188 U.S. 56, 23 S.Ct. 244, 47 L.Ed. 380; Great Western Min. & Mfg. Co. v. Harris, 198 U.S. 561, 25 S.Ct. 770, 49 L.Ed. 1163; Keatley v. Furey, 226 U.S. 399, 33 S.Ct. 121, 57 L.Ed. 273. This practice has become general in the courts of the United States, and is a system well understood and followed. It permits an application for an ancillary receivership in a foreign jurisdiction where the local assets may be recovered and, if necessary, administered. The system established in Booth v. Clark has become the settled law of the federal courts, and, if the powers of chancery receivers are to be enlarged in such wise as to give them authority to sue beyond the jurisdiction of the appointing court, such extension of authority must come from legislation and not from judicial action."

No more positive pronouncement than this is needed as authority for affirming the judgment in the present case. McCandless v. Furlaud, 293 U.S. 67, 75, 55 S.Ct. 42, 45, 79 L.Ed. 202, though by dictum, reaffirms the rule. The rule of comity obtaining, therefore, in a large number of the state courts,[2] which is substantially what we adopted in Barley v. Gittings, is rejected, and in consequence the decision of the lower court is affirmed.

Affirmed.

---

[1] Cf. Jenkins v. Purcell, 29 App.D.C. 209, 9 L.R.A.,N.S., 1074; Union Sav. Bank v. Carnegie Trust Co., 37 App.D. C. 548; Lyon v. Russell, 41 App.D.C. 554; Phillips v. Noel Const. Co., 49 App. D.C. 379, 266 F. 603.

[2] See Restatement of the Law of Conflict of Laws, § 564.