### In the Matter of the Application of CHIN KING for Naturalization.

United States District Court
S. D. New York.

Oct. 11, 1954.

Samuel Bernstein, New York City, for petitioner.

Louis Steinberg, District Counsel, New York City, Lester Friedman, Attorney, Immigration & Naturalization Service, U. S. Dept. of Justice, New York City, of counsel, for respondent.

DAWSON, District Judge.

This is a motion to compel the District Director of Immigration and Naturalization, New York District, to calendar for final hearing a petition for naturalization filed by the petitioner in this Court on January 4, 1954.

The action was commenced on May 20, 1954 by an order to show cause.

Petitioner arrived in the United States, illegally, on or about August 28, 1937. He entered the United States Army on July 14, 1942, and was honorably discharged on April 15, 1943. On October 30, 1951, petitioner submitted an application for a Certificate of Arrival and Preliminary Form for Petition

for Naturalization, based upon his service in the Armed Forces of the United States, to the Immigration and Naturalization Service. No action was taken upon this application.

On September 24, 1953, a warrant for the arrest of the petitioner, charging that he was unlawfully in the United States and subject to deportation under the provisions of Section 241(a) (1) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1251(a) (1), was issued. In November of 1953, petitioner made a new application to file a petition for naturalization, and on January 4, 1954, petitioner filed a petition for naturalization in this Court. On May 21, 1954, the warrant of arrest mentioned above was served on the petitioner.

Petitioner's application for naturalization was made under Section 329 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1440, the applicable provisions of which are:

> "Any person who, while an alien * * * has served honorably in an active-duty status in the military * * * forces of the United States * * * during a period beginning September 1, 1939, and ending December 31, 1946, and who, * * * was separated under honorable conditions, may be naturalized as provided in this section * * * whether or not he has been lawfully admitted to the United States for permanent residence * * *."

The Government opposes petitioner's motion on the ground that Section 318 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1429,[1] prohibits the naturalization of the petitioner, since there is pending against him a deportation proceeding pursuant to a warrant of arrest.

Petitioner contends that it was the intention of Congress to exempt applications for naturalization made under Section 329 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1440, from the prohibitive provisions of Section 318, 8 U.S.C.A. § 1429. To support this position, petitioner relies upon the Conference Report of the Committee on the Judiciary, No. 2096, 2 U.S.Code Congressional and Administrative News 1952, p. 1756, where the conferees stated:

> "(8) The Senate bill prohibited the naturalization of an alien against whom deportation proceedings were pending. This provision was not contained in the House bill. The conferees agreed to retain the Senate provision exempting from it aliens who have served honorably in the Armed Forces of the United States and who are seeking naturalization on this basis either while so serving or following their honorable discharge."

Section 318, 8 U.S.C.A. § 1429, sets forth specifically two sections that are exempt from its provisions. The language of Congress is clear; it exempted only Sections 327 and 328 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1438 and 8 U.S.C.A. § 1439, respectively, from the prohibition of Section 318. It did not exempt Section 329 from its provisions.

■ Where the language of Congress is clear, there can be no construction of its intent. Unexcelled Chemical Corp. v. United States, 1953, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821; Osaka Shosen Kaisha Line v. United States, 1937, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532; Lewis v. United States, 1876, 92 U.S. 618, 23 L.Ed. 513.

But even if there were ambiguities of language, a reading of the language of the Conference Report referred to above would seem to indicate that the Report may have been referring only to Section

---

1. "* * * Notwithstanding the provisions of section 405(b), and except as provided in sections 327 and 328 * * * no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act * * *."

328 of the Immigration and Nationality Act, 8 U.S.C.A. § 1439.

Section 328 of the Act, 8 U.S.C.A. § 1439, permits naturalization of a person who has served honorably in the armed forces of the United States for a period of time aggregating three years, if the petition is filed while the petitioner is still in the service or within six months after the termination of such service. In the case of naturalization under this section, residence in the United States for at least five years preceding the filing of the petition is not required. Petitioner did not file under this section; he could not do so for he had not served three years in the armed forces, nor had he filed the petition within the time provided in the section.

 Petitioner's only basis for naturalization is Section 329 of the Act. This section is not exempted from the provisions of Section 318, and since a deportation proceeding pursuant to a warrant of arrest is now pending, the Court is without power to order the petition be calendared for final hearing.

Motion denied.