**UNITED STATES of America,
Plaintiff, Appellant,**

v.

**Andrzej ROSNER, a/k/a Andrew Rosner,
Defendant, Appellee.**

No. 5278.

United States Court of Appeals
First Circuit.

Heard Oct. 1, 1957.

Decided Oct. 28, 1957.

Arnold Williamson, Jr., Asst. U. S. Atty., Providence, R. I., with whom Joseph Mainelli, U. S. Atty., Providence, R. I., was on the brief, for appellant.

Paul E. Kelley, Providence, R. I., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

The United States is here appealing from an order admitting appellee, Andrew Rosner, to citizenship under the authority of Sec. 328 of the Immigration and Nationality Act of 1952, 66 Stat. 249 (1952), 8 U.S.C.A. § 1439, which provides in part:

"(a) A person who has served honorably at any time in the armed forces of the United States for a period or periods aggregating three years, and, who, if separated from such service, was never separated except under honorable conditions, may be naturalized without having resided, continuously immediately preceding the date of filing such person's petition, in the United States for at least five years, and in the State in which the petition for nat-

uralization is filed for at least six months, and without having been physically present in the United States for any specified period, if such petition is filed while the petitioner is still in the service or within six months after the termination of such service."

The Naturalization Examiner made specific findings of fact that the petitioner entered the United States Army on September 27, 1950; that he was honorably relieved from active duty September 26, 1952 and was transferred to the United States Army Reserve September 27, 1952 of which he continued to be a member until his honorable discharge September 6, 1956. However, the Examiner recommended that the petitioner be denied citizenship because of his failure to establish honorable service in the armed forces for a period or periods aggregating three years as required by the above statute.

The district court found that there was substantially no dispute as to the facts and agreed with the Naturalization Examiner that petitioner had spent two years in the United States Army on an active duty basis and that following that active service was a member of the United States Army Reserve on an inactive basis for slightly less than four years. However, the district court found that Sec. 328 did not require the petitioner to be in active service and that because the petitioner was not discharged from the armed forces until approximately six years after his induction and was subject to recall in the event of an emergency during the entire period while a member of the Reserve, it had been shown that he had, in the words of Sec.

328, "served honorably * * * in the armed forces of the United States for a period or periods aggregating three years. * * * "

The United States now contends that the district court erred in its rejection of the Naturalization Examiner's recommendation of denial of petitioner's application for citizenship and in its interpretation of Sec. 328.

■■ In a subsidiary argument first mentioned in its brief and not argued or raised before the district court, the United States now contends that petitioner did not comply with Sec. 328(b) (3) [1] in presenting evidence that he had served in the armed forces the requisite period of time. It appears from the record that the Naturalization Examiner had been furnished with: (1) a certificate as required by the Immigration and Nationalization Service from the Adjutant General but that this certificate indicated the petitioner was given an honorable separation or discharge on September 26, 1952; (2) a certificate from a warrant officer that petitioner had been a member of a Ready Reserve unit entitled 1291st USAR Central Group (Reinforcement) from January 1, 1954 to September 6, 1956,[2] and (3) a certificate signed by the same warrant officer certifying that petitioner was a member of the Ready Reserve (Active Status) who had been inducted September 27, 1950, transferred September 27, 1952 to the Reserve and that he "was Honorably Discharged from the Army of the United States" on September 6, 1956. That the Naturalization Examiner found this evidence sufficient to establish that petitioner had been a member of the Unit-

---

1. "The petitioner shall furnish to the Attorney General, prior to the final hearing upon his petition, a certified statement from the proper executive department for each period of his service upon which he relies for the benefits of this section, clearly showing that such service was honorable and that no discharges from service, including periods of service not relied upon by him for the benefits of this section, were other than honorable. The certificate or certificates herein pro-

vided for shall be conclusive evidence of such service and discharge."

2. There was uncontradicted testimony by the petitioner before the district court that following his separation from active service on September 26, 1952 he was transferred to a reserve unit stationed in Pennsylvania, and it appears that on his relocating to Rhode Island he was transferred to the reserve unit named in this certificate.

ed States Army Reserve from September 27, 1952 to September 6, 1956 is firmly indicated by a specific conclusion of law he made to that effect and submitted to the district court. No objection was made during the hearing before the district court that the petitioner had not proved that he had been a member of the Reserve following his separation from active service and prior to his honorable discharge. It is a general rule of law that only in exceptional cases will questions not raised and not properly preserved for review in the court below be noticed on appeal. See Duignan v. United States, 1927, 274 U.S. 195, 200, 47 S. Ct. 566, 71 L.Ed. 996; Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 1939, 106 F. 2d 431, 436.

If the Naturalization Examiner had refused to accept petitioner's evidence it might well have been possible for the petitioner to obtain a certificate from the Adjutant General better describing his period of service in the armed forces. Cf. McCandless v. Furlaud, 1934, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202. We, therefore, will not undertake to discuss this contention of the United States which was not only made too late, Parker v. Motor Boat Sales, 1941, 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184, but is also a technical one which, if granted in this particular case, would only result in the case being heard again after petitioner secured another certificate from the Adjutant General.

■ The main issue raised in the appellant's appeal and by the district court's decision is concerning the definition of the words "served honorably" in Sec. 328. It is to be noted that Sec. 329 of the Act, 66 Stat. 250 (1952), 8 U.S. C.A. § 1440 provides that "(a) Any person who * * * has served honorably in an active duty status" during World War I or World War II may be naturalized even though he has not met some of the usual requirements necessary for eligibility to citizenship. It seems likely that Congress, if it had meant the words "served honorably" in Sec. 328 to require such service to be in an active duty stat-

us, would have inserted that requirement specifically in Sec. 328 as it has done in Sec. 329. Moreover, in 67 Stat. 108 (1953), 8 U.S.C.A. § 1440a, which deals with naturalization through active service in the armed forces after June 29, 1950, it is expressly stated that the person petitioning for naturalization must be one who has "actively served" in the armed forces for a period or periods totalling not less than ninety days. Congress has expressly inserted the words "active" or "actively" in reference to the type of military service required in two sections of the statute dealing with the naturalization of aliens who have served honorably in the armed forces. By its omission of any reference to active service, there is a strong inference that Congress meant the type of military service, required under Sec. 328 to be somewhat different than that required by Sec. 329 and 8 U.S.C.A. § 1440a. Moreover, Sec. 328 requires that the petitioner must have been lawfully admitted for permanent residence. Sec. 329 allows aliens to be naturalized even though they may have entered the United States illegally so long as they were in this country at the time of enlistment or induction. Title 8 U.S.C.A. § 1440a allowed aliens coming under its provisions to be naturalized even though they were not admitted for permanent residence providing they had been lawfully admitted and had been physically present within the United States for a single period of at least one year at the time of entering the armed forces. It would not be illogical to contend that Congress intended to require higher standards of military service in Sec. 329 and 8 U.S.C.A. § 1440a in return for allowing aliens who had not been lawfully admitted to the United States for permanent residence the advantage of practically immediate citizenship under the provisions of Sec. 329 and only a one year period of residence under 8 U.S.C.A. § 1440a.

Sec. 328, on the other hand, requires the alien to have been admitted to this country for permanent residence. It further requires a period of three years in

military service, unlike Sec. 329, which sets no minimum length on the period of time served during World War I or World War II and 8 U.S.C.A. § 1440a, which requires a period of ninety days in active military service.

In order to further define the status of the petitioner during the period prior to his discharge from the armed forces it is helpful to refer to the language of Congress in setting up the reserve components of the armed forces.

10 U.S.C. § 651 (Supp. IV. 1957) provides in part that:

"(a) Each male person who becomes a member of an armed force before his twenty-sixth birthday shall serve in the armed forces for a total of eight years, unless he is sooner discharged because of personal hardship under regulations prescribed by the Secretary of Defense or, if he is a member of the Coast Guard while it is operating under the Department of the Treasury, by the Secretary of the Treasury. For the purpose of computing service under this subsection, a member of an armed force may count service in the National Security Training Corps as if it were service in the armed forces.

"(b) Each person covered by subsection (a) who is not a Reserve, and who is qualified, shall, upon his release from active duty, be transferred to a reserve component of his armed force to complete the service required by subsection (a)."

10 U.S.C. § 267 provides:

"(a) There are in each armed force a Ready Reserve, a Standby Reserve, and a Retired Reserve. Each Reserve shall be placed in one of those categories.

"(b) Reserves who are on the inactive status list of a reserve component, or who are assigned to the inactive Army National Guard or the inactive Air National Guard, are in an inactive status. Members in the Retired Reserve are in a retired status. All other Reserves are in an active status."

It thus appears that Congress intended membership in the Reserve to be an integral part of the required eight years service in the armed forces. A clear distinction is made between "active duty" and "service" in the armed forces in § 651(b).

Under our interpretation of the above statutes, the petitioner has served honorably in the armed forces of the United States for a period of more than three years and having complied with this requirement of Sec. 328, his petition for naturalization was properly granted.

A judgment will be entered affirming the order of the district court.