**Petition for NATURALIZATION OF Pedro Velasco FERNANDEZ.**
**No. 143507.**

United States District Court
N. D. California, S. D.
June 26, 1961.

OLIVER J. CARTER, District Judge.

Petitioner is a native and citizen of the Republic of the Philippines. Petitioner has never been admitted to the United States for permanent residence although he is presently in the United States as a consequence of duties assigned to him by the United States Navy of which he is a member.

Petitioner enlisted in the United States Navy at Sangley Point, Cavite, Philippine Islands, on September 24, 1945, and he was subsequently honorably discharged on October 10, 1949, after

serving four years and sixteen days. He reenlisted in the United States Navy on November 10, 1954, and was honorably discharged on June 3, 1958. He reenlisted again on June 4, 1958, for a period of six years. He is presently attached to and serving on board the Mare Island Group, Pacific Reserve Fleet, Mare Island Naval Shipyard, Vallejo, California.

Petitioner urges that he is eligible for naturalization pursuant to Section 324 of the Nationality Act of 1940, 54 Stat. 1149, 8 U.S.C. (1940 ed.) § 724[1], as made applicable by the general savings clause in the Immigration and Nationality Act of 1952, § 405, 66 Stat. 280, 8 U.S.C.A. § 1101 note.

The only qualifying period of service under Section 324 is that period between September 24, 1945, and October 10, 1949. Therefore, Section 324(a) is not applicable because the petitioner did not file his application while he was in the Navy for that period of time, nor within six months thereafter. Nor is Section 324(d) applicable because of the lapse of time plus the fact the service was less than five years, and there has been no admission for permanent residence.

The Naturalization Examiner correctly states that Sections 328 and 329 of the Immigration and Nationality Act of 1952, 66 Stat. 249, 8 U.S.C.A. §§ 1439 and 1440 do not apply. Section 328 requires that the alien must have been lawfully admitted for permanent residence. Section 329 applies only to service in World War I or during a period beginning September 1, 1939, and ending December 31, 1946. It further requires that the petitioner enlist or be inducted in the United States, the Canal Zone, American Samoa, or Swains Island, or have been lawfully admitted to the United States for permanent residence subsequent to enlistment or induction. Petitioner's only service during the mentioned period was following the enlistment at Sangley Point, Cavite, Philippine Islands on September 24, 1945, to October 10, 1949.

Hence, petitioner having been enlisted in the Philippines and never having been subsequently admitted to the United States for permanent residence, cannot be naturalized under the provisions of these Sections of the 1952 Act.

Not having brought himself within any statutory authorization for naturalization, this Court must deny his petition for naturalization.

It is ordered that petitioner's application for naturalization be, and the same is hereby denied.