**In the Matter of the Petition for Naturalization of YOW LESLIE CHUNG.**

**No. 551706.**

United States District Court
E. D. New York.

Dec. 4, 1961.

Haskell R. Barst, New York City, for petitioner.

Morris Rifkin, Brooklyn, N. Y., for the Government.

RAYFIEL, District Judge.

The petitioner applied for naturalization on April 4, 1956, pursuant to Section 329 of the Immigration and Nationality Act of 1952 (Section 1440 of Title 8 U. S.C.A.) on the ground that he had served honorably in an active duty status in the military service of the United States during World War II.

His petition was referred to a designated examiner who found that a warrant of arrest in deportation proceedings had been issued against the petitioner on July 15, 1946, that there was outstanding against him a final finding of deportability, and that under Sections 316 and 318 of the Immigration and Nationality Act of 1952 (Sections 1427 and 1429 of Title 8 U.S.C.A.) he should not be naturalized. He recommended that the petition be denied.

At the hearing before me documents were introduced in evidence which disclosed that on November 7, 1945 the petitioner had been convicted in the United States District Court for the Southern District of New York of the unlawful possession and sale of narcotic drugs, in violation of Sections 173 and 174 of Title 21 U.S.C.A., and had been sentenced to serve a term of one year and one day. Prior thereto, in November, 1942, he had been arrested, charged with the same crime. He was subsequently convicted and, on June 1, 1943, sentenced to a term of one day and fined $75.00. The execution of that prison sentence was suspended and he was placed on probation.

for one day. Deportation proceedings were instituted against the petitioner at Milan, Michigan, on July 15, 1946, and, on July 31, 1946, he was found subject to deportation. Since that time the petitioner has attempted administratively, without success, to obtain relief from deportation.

The petitioner contends that the provisions of Section 318, supra, providing that "no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this chapter or any other act; and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act:" is not applicable to Section 329, supra.

I reject that contention. The case of Application of Chin King, D.C., 124 F.Supp. 911, is directly in point. There, as here, the petitioner served in the Armed Forces of the United States and a warrant of arrest had been issued on September 24, 1953 charging him with illegally entering the United States and with being subject to deportation. On January 4, 1954 he filed a petition for naturalization, and on May 21, 1954 the warrant of arrest was served upon him. There, too, the petitioner contended that it was the intention of Congress to except applications for naturalization made under Section 329, supra, from the provisions of Section 318, supra. Judge Dawson, in rejecting that contention, said, at pages 912 and 913.

"Section 318, 8 U.S.C.A. § 1429, sets forth specifically two sections that are exempt from its provisions. *The language of Congress is clear; it exempted only Sections 327 and 328 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1438 and 8 U.S.C.A. § 1439, respectively, from the prohibition of Section 318. It did not exempt Section 329 from its provisions.*

"[1]. Where the language of Congress is clear, there can be no construction of its intent. Unexcelled Chemical Corp. v. United States, 1953, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821; Osaka Shosen Kaisha Line v. United States, 1937, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532; Lewis v. United States, 1876, 92 U.S. 618, 23 L.Ed. 513.

"But even if there were ambiguities of language, a reading of the language of the Conference Report referred to above would seem to indicate that the Report may have been referring only to Section 328 of the Immigration and Nationality Act, 8 U.S.C.A. § 1439.

"Section 328 of the Act, 8 U.S.C.A. § 1439, permits naturalization of a person who has served honorably in the armed forces of the United States for a period of time aggregating three years, if the petition is filed while the petitioner is still in the service or within six months after the termination of such service. In the case of naturalization under this section, residence in the United States for at least five years preceding the filing of the petition is not required. Petitioner did not file under this section; he could not not do so for he had not served three years in the armed forces, nor had he filed a petition within the time provided in the section.

"[2] Petitioner's only basis for naturalization is Section 329 of the Act. This section is not exempted from the provisions of Section 318, and since a deportation proceeding pursuant to a warrant of arrest is now pending, the Court is without power to order the petition be calendared for final hearing." (Emphasis mine.)

In the case at bar I find that the petition for naturalization should be denied by reason of the fact that a warrant of arrest in deportation proceedings had been issued against the petitioner and

that there was outstanding against him a final finding of deportability.

In a letter to the Court, dated October 31, 1961, counsel for the petitioner suggested that if the provisions of Section 318 are applicable to this petition that the Court request the Immigration and Naturalization Service "to temporarily withdraw its final finding of deportability so that the petition for naturalization may be adjudicated on its merits." The request is denied. More than fifteen years have elapsed since the petitioner was found subject to deportation. He has brought a number of proceedings since then, the most recent of which resulted in the dismissal of his appeal on April 13, 1961, by the Board of Immigration Appeals.

Settle order on notice.