Robert SING CHOW, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18712.

United States Court of Appeals Ninth Circuit.

Jan. 24, 1964.

Jackson & Hertogs, and Joseph S. Hertogs, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, HAMLIN and MERRILL, Circuit Judges.

BARNES, Circuit Judge:

Appellant appeals from a judgment of the district court denying his petition for naturalization.

Appellant honorably served in the armed forces of the United States on an active duty status from August 1, 1957 to July 31, 1959, and has since served in the Army Reserves. He petitioned for naturalization under the provisions of 8 U.S.C. § 1439.[1]

A naturalization examiner, acting under the authority of 8 U.S.C. §§ 1443 and 1446, and, thereafter the district court, acting pursuant to 8 U.S.C. §§ 1421 and 1447, both concluded that the petition should be denied because the petitioner had not been lawfully admitted to the

---

1. Immigration and Nationality Act, § 328, 66 Stat. 249 (1952); hereinafter referred to as § 1439. It provides in pertinent part:

"(a) A person who has served honorably at any time in the armed forces of the United States for a period or periods aggregating three years, and who, if separated from such service, was never separated except under honorable conditions, may be naturalized without having re-sided, continuously immediately preceding the date of filing such person's petition, in the United States for at least five years, and in the State in which the petition for naturalization is filed for at least six months, and without having been physically present in the United States for any specified period, if such petition is filed while the petitioner is still in the service or within six months after the termination of such service."

United States for permanent residence as required by 8 U.S.C. § 1429.[2]

This court has jurisdiction on this appeal under 28 U.S.C. § 1291.

The issue here is: Must a petitioner under § 1439 have been lawfully admitted to the United States for permanent residence for his petition to be granted?

We believe and hold that he must. The decision below is affirmed.

The applicable case law supports such a determination. In Tak Shan Fong v. United States, 1959, 359 U.S. 102, 104, 79 S.Ct. 637, 639, 3 L.Ed.2d 662, the Supreme Court expressly stated that § 1439 "provides no exemption from the requirement that they have been 'lawfully admitted to the United States for permanent residence.'" This was only dictum, as the Court was there giving examples of the varying degrees of liberality with which Congress has treated different groups of alien servicemen. Yet, this statement is entitled to some weight. In Aure v. United States, 9 Cir. 1955, 225 F.2d 88–89, this court also made such a categorical statement, agreeing with the district judge who had so held. Although the court of appeals ultimately found for the petitioner on a different issue not raised below, this statement is entitled to weight. In In re Naturalization of Fernandez, N.D.Cal. 1961, 196 F.Supp. 107, 108, Judge Oliver J. Carter held that a petitioner under § 1439 must satisfy that requirement of § 1429. In United States v. Rosner, 1 Cir. 1957, 249 F.2d 49, 51, the court categorically made the same statement, although the statement played only a minor role in its decision, which was basically on another issue. In United States v. Aronovici, 7 Cir. 1961, 289 F.2d 559, 561, the court, in deciding the same issue raised in Rosner, quoted at length from Rosner with approval, including the categorical statement that § 1429 was applicable to and limited § 1439. In In re Jocson, D. Hawaii 1954, 117 F.Supp. 528, Judge Wiig as well as the parties apparently assumed that § 1429 applied to § 1439, although the case was decided on a different issue.

Finally, the regulations enacted pursuant to the Act make the same assumption. 8 C.F.R. § 328.1.

In face of this authority, appellant advances several arguments. One is that a phrase in § 1439 ("and without having been physically present in the United States for any specified period") exempts § 1439 from the requirement of § 1429. Literally read, this could be true, for if one never need be physically present in the country, he need never have been lawfully admitted. However, in the light of past legislation, this interpretation urged by appellant does not appear to be necessary. The residence requirements from which petitioners under § 1439 are exempted are those listed in 8 U.S.C. § 1427 (a).[3] In the 1952 legislation the physical presence requirement was added to the predecessor of § 1427(a), and at the same time, the exemption from physical presence requirements was added to the predecessor of § 1439.[4] No reference was made to the requirements of what is now § 1429. Thus it seems that the phrase in § 1439 concerning exemption

---

2. Immigration and Nationality Act, § 318, 66 Stat. 244 (1952); hereinafter referred to as § 1429. In pertinent part it provides:

"Except as otherwise provided in this subchapter, no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence in accordance with all applicable provisions of this chapter."

Appellant does not here contend that he was so lawfully admitted. When he entered this country he was immediately placed under detention as an excludable alien.

Nor does the government here contend that reserve duty following active duty does not satisfy the requirement in § 1439 that the petitioner have "served honorably * * * for * * * three years," thus apparently acquiescing in the decisions in United States v. Aronovici, 7 Cir. 1961, 289 F.2d 559, and United States v. Rosner, 1 Cir. 1957, 249 F.2d 49.

3. Immigration and Nationality Act, § 316 (a), 66 Stat. 242 (1952).

4. The predecessors were, respectively, §§ 307(a) and 324 of the Nationality Act of 1940. 54 Stat. 1142 and 1149.

from physical presence requirements refers only to the requirement in § 1427 and not to that in § 1429.

Secondly, appellant contends that the third sentence of § 1429 indicates that the lawful admission requirement of § 1429 does not apply to § 1439. That sentence reads:

"Notwithstanding the provisions of section 405(b) of this Act, and *except as provided in sections 1438 and 1439 of this title* no person shall be naturalized against whom there is outstanding a final finding of deportability * * * and no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding * * *."

(Emphasis added.)

Appellant contends that since neither § 1438 [5] nor § 1439 contain any provisions concerning deportation proceedings, the except clause here must indicate that § 1439 is not limited by the lawful admission requirement of § 1429.

With this we cannot agree. Section 1438(b) expressly requires that the petitioner must have been lawfully admitted to the United States for permanent residence. That is entirely inconsistent with the argument urged by appellant. In addition, the "except" clause should probably be read as meaning only that proceedings pursuant to §§ 1438 and 1439 should not be delayed by any deportation proceedings. Such is the interpretation given the except clause in Application of Chin King, S.D.N.Y. 1954, 124 F.Supp. 911, 912, and in In re Petition for Naturalization of Yow Leslie Chung, E.D.N.Y. 1961, 199 F.Supp. 566, 567.

Thirdly, appellant argues that since the predecessor of § 1439 was interpreted such as to not require what is now required by § 1429,[6] and since the 1952 legislation did not make any significant changes between § 1439 and its predecessor,[7] § 1439 should be interpreted so as to not require what is generally required by § 1429. This argument carries weight. However, in the Internal Security Act of 1950, the predecessor of what is now § 1429 was enacted.[8] From then on the provisions of what is now § 1429 apparently applied to the predecessor of what is now § 1439. Thus, the fact that no significant changes in what is now § 1439 were made in the 1952 legislation does not help appellant here, for the lawful admission requirement of § 1429 had already been added.

Fourthly, appellant cites a footnote in Yuen Jung v. Barber, 9 Cir. 1950, 184 F.2d 491, 497, n. 12, in support of his position that the lawful admission requirement of § 1429 does not apply to § 1439. That footnote, however, was concerned with what is now § 1440,[9] not what is now § 1439. Moreover, that case was decided under the law in effect prior to the enactment of the Internal Security Act of 1950. Although the opinion was filed twelve days after the Act was approved by two-thirds of both Houses of Congress, over the President's veto, there is no indication in the opinion that the court was aware of § 27 of that Act. Also, when we consider that the case was before this court on appeal, we doubt whether the Act would have been relevant to that case, because its effective date was subsequent to the hearing. Based on any of these three positions, we think the citation to the Yuen case is not controlling here.

Affirmed.

---

5. Immigration and Nationality Act, § 327, 66 Stat. 248 (1952).

6. Cf. Aure v. United States, 9 Cir. 1955, 225 F.2d 88, 89, and Yuen Jung v. Barber, 9 Cir. 1950, 184 F.2d 491, 497, n. 12.

7. The predecessor is § 324 of the Nationality Act of 1940, 54 Stat. 1149.

8. Internal Security Act of 1950, § 27, 64 Stat. 1015.

9. Nationality Act of 1940, § 324a, as added by Act of June 1, 1948, 62 Stat. 282.