### In re Petition for Naturalization of Adriano Moldes GARCIA.

### No. 36733.

United States District Court
District of Columbia.

April 14, 1965.

David Carliner, Washington, D. C., for petitioner.

John W. Price, U. S. Immigration and Naturalization Service, for respondent.

YOUNGDAHL, District Judge.

In this naturalization proceeding, the sole issue briefed, argued and submitted to the Court is whether the petitioner, who has never been lawfully admitted to the United States for permanent residence[1] pursuant to 8 U.S.C. § 1429 1964),[2] but has been a member of the United States Navy with continuous honorable service since 1958, is eligible for naturalization under 8 U.S.C. § 1439(a) (1964).[3]

---

1. Lawful admission to the United States is defined in 8 U.S.C. § 1101(a) (20) (1964) as:

   "The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed."

2. Section 1429 provides:

   "Except as otherwise provided in this subchapter, no person shall be naturalized unless he has been lawfully admitted to the United States for perma-

nent residence in accordance with all applicable provisions of this chapter."

3. Section 1439(a) provides:

   "A person who has served honorably at any time in the armed forces of the United States for a period or periods aggregating three years, and, who, if separated from such service, was never separated except under honorable conditions, may be naturalized without having resided continuously immediately preceding the date of filing such person's petition, in the United States for at least five years, and in the State in which the petition for naturalization is filed for at least six months, and without having been physically present

■ The Court agrees with the contention of the respondent Immigration and Naturalization Service that a petitioner for naturalization under Section 1439 is not exempt from the mandate of Section 1429.

■ The Court's conclusion is based upon several factors: First, the plain language of the statute appears to compel this result. Section 1429 provides that unless elsewhere exempted, "no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence * * *." Section 1427 is another general provision requiring certain continuous residence and physical presence as a condition to naturalization. In affording special treatment to aliens who serve honorably for three years in the United States' armed forces, Section 1439 expressly exempts them from the continuous residence and physical presence requirements of Section 1427, but is silent as to the lawful admission for permanent residence requirement in Section 1429. Moreover, subsection (b) of Section 1439 states that a petitioner thereunder "shall comply in all other respects with the requirements of this subchapter * * *" (which would include Section 1429), except certain specified conditions—neither including nor bearing upon Section 1439. Thus, the plain language of the above provisions may be read together clearly and consistently in support of the respondent's position. On the other hand, in order to adopt the petitioner's interpretation, the express language in Sections 1429 "Except as otherwise provided * * * no person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence" and 1439(b) (a petitioner under § 1439 "shall comply in all other respects with the requirements of this subchapter") must be ignored. In addition, the petitioner's position requires that an exemption from Section 1429 be implied in the face of an express exemption from

Section 1427. This has added significance in view of the fact that the obvious purpose of Section 1439 is to waive certain naturalization requirements. The equivocal legislative history urged by the petitioner is insufficient to warrant interpreting away plain words in favor of an implied exception to Section 1429.

A second factor influencing the Court's decision is the language and substance of Section 1440,[4] a companion to Section 1439. While Section 1439 applies to service in the armed forces in general, Section 1440 gives special naturalization treatment to aliens who served in active duty service in the armed forces in time of war. In general, that provision permits the naturalization of an alien "if (1) at the time of enlistment or induction such person shall have been in the United States, * * * whether or not he has been lawfully admitted to the United States for permanent residence, or (2) at any time subsequent to enlistment or induction such person shall have been lawfully admitted to the United States for permanent residence." In comparing these provisions, it is significant at the outset that Congress expressly declared its intention in Section 1440 as to the applicability of the lawful admission for permanent residence requirement. Thus, the absence of a similar express declaration in Section 1439 suggests a Congressional intent that the general provision in Section 1429 should apply to Section 1439. Furthermore, the substance of the war-time provision, Section 1440, insofar as it eliminates the lawful admission for permanent residence requirement for one who enlists or is inducted while in the country and gives expediting naturalization treatment to one who is lawfully admitted for permanent residence, subsequent to enlistment or induction, supports the position urged by the respondent and adopted by the Court. Section 1440 permits an alien who serves the country's defense in war time to have an advantage, in terms of

---

in the United States for any specified period, if such petition is filed while the petitioner is still in the service or with-

in six months after the termination of such service."

4. 8 U.S.C. § 1440 (1964).

naturalization, not a disadvantage over one who has served in peace time. The interpretation sought by the petitioner would result in an anomalous situation. An alien who served in time of war who had not enlisted or been inducted in this country would be required to be lawfully admitted for permanent residence in order to be naturalized, while one who served in peace time could be naturalized without being so lawfully admitted.[5] It would have been extraordinary for Congress to have intended this result.

Finally, the Court's decision is dictated by other judicial expressions on this same issue. No court decision supports the petitioner's contention. On the other hand, an express holding in the Ninth Circuit, Sing Chow v. United States, 327 F.2d 340 (1964), and dicta in numerous cases, Tak Shan Fong v. United States, 359 U.S. 102, 104, 79 S.Ct. 637, 3 L.Ed.2d 662 (1959); Aure v. United States, 225 F.2d 88, 89 (9th Cir. 1955); United States v. Rosner, 249 F.2d 49, 51 (1st Cir. 1957); United States v. Aronovici, 289 F.2d 559, 561 (7th Cir. 1961); In re Fernandez, 196 F.Supp. 107, 108 (N.D. Cal.1961); cf. In re Jocson, 117 F.Supp. 528 (D.Hawaii 1954), all clearly read the requirement of lawful admission for permanent residence (Section 1429) as applicable to naturalization under Section 1439.

Accordingly, on the basis of the Court's reading of the plain language of the provisions involved; and on the Congressional policy gleaned from a comparison of Sections 1439 and 1440; and on the persuasive weight of legal expression on this same issue, the Court concludes that an applicant for naturalization under Section 1439 must be lawfully admitted for permanent residence as provided in Section 1429.

The Court is mindful of and in full sympathy with the salutary purpose behind these provisions which expedite the naturalization process for aliens who have demonstrated loyalty to this country and its ideals by serving in our armed forces. But, as Justice Brennan commented in Tak Shan Fong v. United States, 359 U.S. 102, 107, 79 S.Ct. 637 (1959):

"Of course, we must be receptive to the purpose implicit in legislation of this sort, to express the gratitude of the country toward aliens who render service in its armed forces in its defense. But that does not warrant our rationalizing to an ambiguity where fairly considered none exists, or extending the generosity of the legislation past the limits to which Congress was willing to go. * *"

Therefore, it is by the Court this 14th day of April, 1965,

ORDERED That the petition for naturalization be and hereby is denied.

---

5. This is, of course, aside from the time requirement which exists only in Section 1439.