MATTER OF FLORES-GONZALEZ

A-6819970

In Deportation Proceedings

*Decided by Board January 20, 1966*

Since the Department of the Army has not taken any steps to revoke *ab initio* the honorable discharge issued respondent, an applicant for suspension of deportation who has served a minimum of 24 months in an "active-duty status in the Armed Forces of the United States" following which he was separated "under honorable conditions," he comes within the purview of section 244(b), Immigration and Nationality Act, as amended, notwithstanding that under Army regulations he may be dropped from the rolls of the army as a result of his conviction which forms the basis for his deportation.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Conviction for possession of marihuana.

The respondent, a native and citizen of Mexico appeals from an order entered by the special inquiry officer on October 4, 1965 directing his deportation to Mexico on the charge that he has been convicted of a law relating to the illicit possession of marihuana in violation of Article 725(b) of the Texas Penal Code. Deportability on the stated charge is conceded. The appeal is directed to the denial of the respondent's application for suspension of deportation filed pursuant to section 244(b) of the Immigration and Nationality Act.

The respondent, an unmarried male alien, 28 years of age was admitted to the United States as an immigrant at the port of El Paso, Texas on November 29, 1947. He was convicted on February 18, 1963 in Bexar County, Texas for the offense of possession of marihuana in violation of Article 725(b) of the Texas Penal Code. The respondent concedes that he is deportable as charged in the order to show cause.

The respondent has applied for suspension of deportation pursuant to section 244(a)(2) of the Immigration and Nationality

485

Act. Section 244(a)(2) provides, *inter alia*, that an alien who is deportable as a narcotic offender must establish that he has been physically present in the United States for a "continuous period" of not less than 10 years immediately following the commission of the Act constituting the ground for deportation and during this period he must establish that he has been a person of good moral character. Since the evidence establishes that the respondent was charged with possession of marihuana on October 28, 1962, he cannot qualify for suspension of deportation under section 244(a)(2) of the Immigration and Nationality Act unless by reason of his "active-duty status in the Armed Forces of the United States" he comes within the exemption from the "continuous physical presence" requirement provided by section 244(b) of the Immigration and Nationality Act.[1] The record establishes that the respondent was inducted into the armed services at San Antonio, Texas on April 26, 1960.

The special inquiry officer finds that the respondent served in an "active-duty status in the Armed Forces of the United States" for a period of sufficient duration[2] to qualify under section 244(b) of the Immigration and Nationality Act. The special inquiry officer concludes however that since the respondent was dropped from the rolls of the Army on January 19, 1965 by reason of his conviction for possession of marihuana he is statutorily ineligible for relief under section 244(a)(2) because he was not separated from the Armed Services under honorable conditions. The Service has filed a brief supporting the special inquiry officer's conclusion and orally argued the case before this Board. The special inquiry officer and the Service reason that there is a continuing responsibility on the part of the respondent to comply with the discharge provisions of section 244(b) notwithstanding the fact that he (respondent) served the required two years of "active-duty status" in the Armed Forces and was discharged "under honorable conditions" prior to the time

---

[1] Section 244(b) of the Immigration and Nationality Act reads as follows:

(b) The requirement of continuous physical presence in the United States specified in paragraphs (1) and (2) of subsection (a) of this section shall not be applicable to an alien who (A) has served for a minimum period of twenty-four months in an active-duty status in the Armed Forces of the United States and, if separated from such service, was separated under honorable conditions, and (B) at the time of his enlistment or induction was in the United States.

[2] The evidence establishes that the respondent was inducted into the Armed Services on April 26, 1960 and discharged "under honorable conditions" on May 15, 1962 when he was transferred to the Army Reserves.

that he committed the act which serves as the basis for his deportation.

Counsel for the respondent urges error in the conclusion of the special inquiry officer because (1) the record is completely devoid of any evidence showing that the respondent was not separated under honorable conditions and (2) there is no evidence of record that respondent was "dropped from the rolls of the Army" in accordance with the procedure set forth in paragraph 10 of Army Regulations 135-178.[3]

We find nothing in the statute or the precedents cited by the special inquiry officer and the Trial Attorney[4] which requires a finding of ineligibility under the discharge provisions of section 244(b), after the alien has fully served the required two years of "active-duty status in the Armed Forces of the United States"; has been discharged from the Armed Forces "under honorable conditions" and then after a lapse of *some* two and one half years is dropped from the rolls of the Army Reserves by reason of a conviction of a narcotic charge committed after the completion of the required two years of active-duty status. Section 244(b) provides in substance that the requirement of 10 years of physical presence after the commission of a proscribed act which renders an alien deportable is waived in the case of an applicant for suspension of deportation who "has served for a minimum period of 24 months in an *active-duty status* in the Armed Forces of the United States and *if separated from such service*" the discharge was "*under honorable conditions.*" (Emphasis added.) The respondent meets these requirements. The term "*if separated from such service*" refers to the completion of "24 months of *active-duty status in the Armed Forces of the United States*" following which there was a separation "*under honorable conditions.*" (Emphasis added.)

Our decision in this regard is not contrary to the conclusion reached in *Matter of Peralta*, Int. Dec. No. 1290, BIA, June 19, 1963. Relying on the definitions of the terms "active duty" and

---

[3] Paragraph 10 of Army Regulations 135-178, provides:

10. Dropping from the rolls: A reservist sentenced to confinement in a Federal or State penitentiary or correctional institution after having been found guilty of an offense by a civil court and whose sentence has become final, whether or not actually confined, may be dropped from the rolls of the army. This act will be accomplished in special or letter orders.

[4] *United States v. Rosner*, 249 F.2d 49 (C.A. 2, 1957); *Olenick v. Brucker*, 173 F. Supp. 493; *Matter of Peralta*, Int. Dec. No. 1290; *Matter of Woo*, Int. Dec. No. 1297.

"active service"[5] set forth in 10 United States Code 101 (22 & 24) we held that "annual training duty" while a member of the Reserves could be credited in completing the 24-month period of "active-duty status" in the Armed Forces. There was no dispute with regard to the issue of whether there was an honorable discharge in the *Peralta* case (*supra*).

Pursuant to 10 United States Code 101 (29)[6] the phrase "may be dropped from the rolls of the army" found in Paragraph 10 of Army Regulations 135-178 must be used in a permissive sense and there is nothing in this record to show that the Department of the Army has taken any steps to revoke *ab initio* the honorable discharge issued to the respondent on May 15, 1962. Accordingly, we find the respondent statutorily eligible for suspension of deportation under the provisions of section 244(a) (2) of the Immigration and Nationality Act.

The respondent on or about June 25, 1964 was convicted of an aggravated assault on a female and sentenced to 90 days in jail. His probation for the narcotic charge was revoked on September 24, 1964 and at the time of the hearing in June of 1965 he was serving a two-year sentence at the Texas Department of Correction Facility at Sugarland, Texas. The respondent must establish good moral character from the date of the filing of his application for suspension of deportation up to and including the final adjudication of the said application. *Matter of Peralta*, Int. Dec. No. 1290, BIA, June 19, 1963. We will remand the case to the special inquiry officer for a reappraisal and revaluation of the evidence concerned with the respondent's application for suspension of deportation and a decision as to whether suspension of deportation is warranted as a matter of discretion. An appropriate order will be entered.

**ORDER:** It is directed that the case be remanded to the special inquiry officer for further decision in accordance with the foregoing opinion.

---

[5] Section 101 *Definitions* . . . the following definitions apply in this title:

(22) "Active duty" means full-time duty in the active military service of the United States. It includes duty on the active list, full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned.

(24) "Active service" means service on active duty.

[6] Section 101 *Definition* . . . the following definitions apply in this title:

(29) "May" is used in a permissive sense. The Words "no person may . . ." mean that no person is required, authorized, or permitted to do the act prescribed.